**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SHANELLE JENKINS, as surviving spouse, and Representative of the Estate of ROBERT GERON MILLER** | § § § § § § | |
| **Plaintiff,** | § § § | **CIVIL ACTION NO. 4:21-cv-910** |
| **v.** | § § | |
| **TARRANT COUNTY SHERIFF'S OFFICE, BILL E. WAYBOURN** *in his official capacity as Sheriff of Tarrant County, Texas*, **TARRANT COUNTY** | § § § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | | |

**ORIGINAL COMPLAINT**

Plaintiff SHANELLE JENKINS ("Plaintiff"), by and through her attorneys, brings this action on her behalf, and on behalf of her deceased husband, ROBERT GERON MILLER, for damages and other legal and equitable relief from Defendants TARRANT COUNTY SHERIFF'S OFFICE, BILL E. WAYBOURN in his official capacity as Sheriff of Tarrant County, Texas,  and TARRANT COUNTY (collectively "Defendants"), for violations of 42 U.S.C. § 1983, Texas state tort claims, and any other cause(s) of action that can be inferred from the facts set forth herein.

**INTRODUCTION**

1.      This is an action brought by Plaintiff seeking damages from Defendants for acts of wrongful death; excessive force; inadequate training; negligent hiring, retention, and supervision;

1                      ORIGINAL COMPLAINT

and intentional infliction of emotional distress committed by members of the Tarrant County Sheriff's Office as agents of Defendants or Defendants themselves.

2.      As a result of Defendants' unlawful actions, Plaintiff is entitled to recover for damages pursuant to violations of rights secured under the United States Constitution, including protections against cruel and unusual punishment; deprivation of rights under 42 U.S.C. § 1983; and tort claims under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.001, *et seq.*

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq.*, as amended, and (iii) 42 U.S.C. §§ 1983 *et seq.*, as amended.

4.      The Court's supplemental jurisdiction is invoked by 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

**ORIGINAL COMPLAINT**

## PARTIES

6.    Plaintiff is a person who has been aggrieved by Defendants' actions.  She is and has been, at all relevant times, a citizen of the United States of America and a resident of the state of Texas.

7.    Plaintiff was legally married to Robert Geron Miller at the time of his death on August 1, 2019.

8.    Plaintiff is the Executor of the Estate of Robert Miller.

9.    Defendant Tarrant County Sherriff's Office is located at 6651 Lake Worth Blvd, Fort Worth, Texas 76135.

10.    Defendant Sheriff Bill E. Waybourn is and has been, at all relevant times, acting as Sheriff of Tarrant County.

11.    Defendant Tarrant County Municipal Government is located in the state of Texas and within the Northern District of Texas, Dallas Division.

## STATEMENT OF THE FACTS

12.    Plaintiff was at the relevant time married to, and parented a child with, Robert Geron Miller.

13.    Upon information and belief, Mr. Miller was arrested for misdemeanor warrants on July 31, 2021.

14.    Mr. Miller was taken to John Cedar Smith Hospital the following morning of August 1, 2019, and was pronounced dead on or around 5:45 a.m.

15.    Defendants did not tell Plaintiff that her husband died; she read about it in the newspaper days later.

**ORIGINAL COMPLAINT**

16.     No cause of death is outlined in Mr. Miller's death certificate that was given to Plaintiff nor has she been provided any explanation for her husband's sudden, and unexpected, death while in custody.

## AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C. § 1983, Civil Action For Deprivation of Rights
### (Wrongful Death)

17.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

18.     The conduct alleged herein deprived Mr. Miller of rights and privileges secured and protected by the United States Constitution and the laws of the United States, namely the Fourth Amendment right to be free from excessive use of force against his person during the course of an arrest, and the Eighth Amendment right to be free from cruel and unusual punishment while in custody. These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

19.     Plaintiff's requests for relief are set forth below.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C. § 1983, Civil Action For Deprivation of Rights
### (Excessive Force)

20.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

21.     The conduct alleged herein deprived Mr. Miller of rights and privileges secured and protected by the United States Constitution and the laws of the United States, namely the Fourth Amendment right to be free from excessive use of force against his person during the course of an arrest, and the Eighth Amendment right to be free from cruel and unusual punishment while in

**ORIGINAL COMPLAINT**

custody. These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

22.     Plaintiff's requests for relief are set forth below.


## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C. § 1983, Civil Action For Deprivation of Rights
### (Inadequate Training)

23.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

24.     Defendants Tarrant County Sheriff's Office, Sheriff Bill E. Waybourn, and Tarrant County are also liable under 42 U.S.C. § 1983 because (1) Defendants' training procedures relating to arrests, interactions with community members, and appropriate force are inadequate; (2) Defendants were deliberately indifferent to the constitutional rights of the public in adopting the training policies; and (3) the inadequate training has directly caused Plaintiff's damages. These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

25.     Plaintiff's requests for relief are set forth below.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C. § 1983, Civil Action For Deprivation of Rights
### (Official Policy or Custom)

26.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

27.     Defendants Tarrant County Sherrify's Office and Sheriff Bill E. Waybourn are liable under 42 U.S.C. § 1983 because the deprivation of Mr. Miller's constitutional rights was inflicted pursuant to their official policies or customs. Such policies or customs were a direct cause-

in-fact of the deprivation of Mr. Miller's constitutional rights. The policies or customs were the proximate cause of the injuries sustained. The policies or customs reflect a deliberate indifference to the risk that a violation of a constitutional or statutory right will result from following the policies or customs. These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

28.     Plaintiff's requests for relief are set forth below.

### AS AND FOR A FIFTH CAUSE OF ACTION
**Negligent Hiring, Retention, and Supervision**

29.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

30.     Defendants Tarrant County Sherriff's Office, Sheriff Bill E. Waybourn, and Tarrant County had a duty to protect Mr. Miller from harm resulting from their employment of law enforcement officials that committed unlawful acts against Mr. Miller.  Defendants breached that duty by hiring, retaining, and failing to train, supervise, or discipline these employees.  The conduct of Defendants proximately caused Plaintiff significant damages.

31.     Plaintiff's requests for relief are set forth below.

### AS AND FOR A SIXTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**

32.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

33.     Defendants' and/or Defendants' agents' conduct was intentionally negligent. As a result of Defendants' and/or Defendants' agents' actions, Plaintiff experienced severe emotional distress.

34.     Plaintiff's requests for relief are set forth below.

**ORIGINAL COMPLAINT**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. Declaring that the practices complained of herein are unlawful and in violation of the rights of the Plaintiff under U.S. Const. Amend. IV, U.S. Const. Amend VIII, and 42 U.S.C. § 1983;

B. Awarding all damages which Plaintiff has sustained as a result of Defendants' conduct, including for physical injuries, medical bills, emotional distress, and anguish;

C. Pre-judgment and post-judgment interest, as provided by law;

D. Awarding Plaintiff punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, oppressive, and/or malicious conduct;

E. Granting Plaintiff reasonable and necessary attorneys' fees and expenses which Plaintiff has incurred and will continue to incur during all trial and appellate court proceedings pursuant to 42 U.S.C. § 1988;

F. That the Court retain jurisdiction over Defendants until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Awarding Plaintiff such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Plaintiff also seeks injunctive relief, including, but not limited to:

A. Training on appropriate force and de-escalation tactics for all law enforcement officials employed by Defendants;

B. Supervisory discipline up to and including termination for any agent of Defendants' who engages in such unlawful arrest and excessive force;

**ORIGINAL COMPLAINT**

C.  Supervisory discipline up to and including termination for John Doe Constables 1 and 2, or any other agent of Defendants' involved in the incidents described herein;

D.  Monitoring by the Court or a federal agency to ensure that Defendants comply with all injunctive relief.

Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: July 30, 2021                                      Respectfully submitted,


                                                         */s/David W. Henderson*
                                                         David W. Henderson
                                                         Texas State Bar No. 24032292
                                                         dhenderson@equalrights.law
                                                         Jay D. Ellwanger
                                                         Texas State Bar No. 24036522
                                                         jellwanger@equalrights.law
                                                         **Ellwanger Law LLLP**
                                                         400 S Zang Blvd, Suite 600
                                                         Dallas, Texas 75208
                                                         Telephone: (214) 948-3334
                                                         Facsimile:  (214) 853-9410

                                                         ***Counsel for Plaintiff***

**ORIGINAL COMPLAINT**