UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHANELLE JENKINS, as surviving spouse, and Representative of the Estate of ROBERT GERON MILLER,<br><br>    Plaintiff,<br>v.<br><br>TARRANT COUNTY SHERIFF'S OFFICE, BILL E. WAYBOURN *in his official capacity as Sheriff of Tarrant County, Texas*, TARRANT COUNTY, and TEXAS DEPARTMENT OF PUBLIC SAFETY, TEXAS RANGERS DIVISION<br><br>    Defendants. | CIVIL ACTION NO. 4:21-cv-910<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff SHANELLE JENKINS ("Plaintiff"), by and through her attorneys, brings this action on her behalf, and on behalf of her deceased husband, ROBERT GERON MILLER, for damages and other legal and equitable relief from Defendants TARRANT COUNTY SHERIFF'S OFFICE, BILL E. WAYBOURN in his official capacity as Sheriff of Tarrant County, Texas, TARRANT COUNTY, and the TEXAS DEPARTMENT OF PUBLIC SAFETY, TEXAS RANGERS DIVISION (collectively "Defendants"), for violations of 42 U.S.C. § 1983, Texas state tort claims, violations of the Texas Public Information Act, and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. On or around August 1, 2019, Robert Geron Miller died while in the custody of Defendant Tarrant County Sherriff's Office. Plaintiff, as Mr. Miller's surviving spouse, has never been provided an explanation for Mr. Miller death while in Defendant Tarrant County Sherriff's Office. Plaintiff has sought Defendant Texas Department of Public Safety, Texas Rangers Division ("TxDPS Rangers") public records into Mr. Miller's death investigation. Plaintiff, through the Texas Public Information Act, has attempted to gather this information from Defendant TxDPS Rangers. However, Defendant TxDPS Rangers has refused to adhere to statute and respond to Plaintiff's numerous public information requests.

2. As a result of Defendants' unlawful actions, Plaintiff is entitled to recover for damages pursuant to violations of rights secured under the United States Constitution, including protections against cruel and unusual punishment; deprivation of rights under 42 U.S.C. § 1983; and tort claims under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.001, *et seq*. Further, Plaintiff is entitled to a writ of mandamus compelling Defendants to make information for public inspection pursuant to the requirements of Texas Government Code § 552.321 of the Texas Public Information Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq*., as amended, and (iii) 42 U.S.C. §§ 1983 *et seq*., as amended.

4. The Court's supplemental jurisdiction is invoked by 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## PARTIES

6. Plaintiff is a person who has been aggrieved by Defendants' actions. She is and has been, at all relevant times, a citizen of the United States of America and a resident of the state of Texas.

7. Plaintiff was legally married to Robert Geron Miller at the time of his death on August 1, 2019.

8. Plaintiff is the Executor of the Estate of Robert Miller.

9. Defendant Tarrant County Sherriff's Office is located at 6651 Lake Worth Blvd, Fort Worth, Texas 76135.

10. Defendant Sheriff Bill E. Waybourn is and has been, at all relevant times, acting as Sheriff of Tarrant County.

11. Defendant Tarrant County Municipal Government is located in the state of Texas and within the Northern District of Texas, Dallas Division.

12. Defendant Texas Department of Public Safety, Texas Rangers Division is a law enforcement government agency in the state of Texas with a field office located within the Northern District of Texas.

## STATEMENT OF THE FACTS

13. Plaintiff was at the relevant time married to, and parented a child with, Robert Geron Miller.

14. Upon information and belief, Mr. Miller was arrested by Defendant Tarrant County Sherriff's Office for misdemeanor warrants on July 31, 2021. Officers with Defendant Tarrant County Sherriff's Office then forcibly confined Mr. Miller to a jail operated by Defendant Tarrant County Sherriff's Office and owned by Defendant Tarrant County Municipal Government.

15. The following morning, on August 1, 2019, Mr. Miller was taken to John Cedar Smith Hospital and was pronounced dead on or around 5:45 a.m.

16. Defendants did not inform Plaintiff that her husband died; she read about it in the newspaper days later.

17. No cause of death is outlined in Mr. Miller's death certificate that was given to Plaintiff nor was she provided any explanation for her husband's sudden, and unexpected, death while in custody.

18. Pursuant to the requirements of Texas Admin. Code, 37 § 269.1 (5), the Texas Commission on Jail Standards shall be notified of all deaths of inmates while in custody of a sheriff/operator within 24 hours of the death. The Commission shall appoint a law enforcement agency, other than the local law enforcement agency, to investigate the death.

19. Upon information and belief, Plaintiff was informed that Defendant TxDPS Rangers had been appointed to investigate Mr. Miller's death while in Defendants' custody, specifically to create an investigative report.

20. On August 12, 2021, Plaintiff, through her attorneys, submitted a written public records request to Defendant TxDPS Rangers pursuant to Tex. Gov. Code § 552.022(1)[1] of the Texas Public Information Act in order to obtain Defendant TxDPS Rangers' investigative report.

21. Defendant TxDPS Rangers confirmed receipt of the public records request on the same day. The email stated that Plaintiff would receive a response as soon as the requested records are available and no later than the tenth business day after the request was received. This conforms with the requirement under the Texas Public Information Act, requiring a governmental body to provide a requestor within ten days with either (1) the requested public records or (2) a **written statement** that the governmental body wishes to withhold the requested information.[2]

22. On or around August 24, 2021, ten days after Plaintiff's request, Defendant TxDPS Rangers violated the Texas Public Information Act by not supplying the requested public records or providing Plaintiff a written statement of intent to withhold the information.

23. On the same day, Plaintiff, through her attorneys, contacted Defendant TxDPS Rangers by telephone to inquire about Plaintiff's public records request. Plaintiff contacted Defendant TxDPS Rangers four separate times between August 24, 2021 to September 3, 2021. Defendant TxDPS Rangers did not answer any of these calls. Plaintiff left a voicemail on each occasion, none of which were returned until September 3, 2021.

---

[1] Public information related to "a completed report, audit, evaluation, or investigation made of, for, or by a governmental body".
[2] *See* TEX. GOV. CODE § 552.301

24. On September 3, 2021, more than a week after Defendant TxDPS Rangers failed to adhere to their statutory deadline to respond to Plaintiff's request, a representative from Defendant TxDPS Rangers called Plaintiff's attorneys about the public records request. Defendant's representative claimed that the request may have been sent to a separate office at the TxDPS that handles public records requests that require Attorney General Approval. However, TxDPS would not confirm this, nor did they send Plaintiff written proof of this. Further, the representative did not inform Plaintiff that Defendant TxDPS Rangers intended to withhold the information.

25. On September 7, 2021, Plaintiff, through her attorneys contacted Defendant TxDPS Rangers again to inquire about the public records request. Defendant TxDPS Rangers confirmed receipt of the inquiry at 12:22 PM on the same day by email.

26. Later that day, on September 7, 2021, Plaintiff, through her attorneys, again contacted Defendant TxDPS Rangers by telephone. Plaintiff, once again, left a voicemail regarding the request.

27. Plaintiff, through her attorneys, then submitted another online public records request to Defendant TxDPS Rangers pursuant to Tex. Gov. Code § 552.022(1) of the Texas Public Information Act.

28. Once again, Defendant TxDPS Rangers confirmed receipt of the online public records request at the same day at 3:51 PM by email. And once again, the email stated that Plaintiff would receive a response as soon as the requested records are available and no later than the tenth business day after the request was received.

29. Plaintiff contacted Defendant TxDPS Rangers several more times to collect the requested public records but never received any information or correspondence from Defendant TxDPS Rangers.

30. Defendant TxDPS has continued to refuse to comply with its statutory requirement by either providing the requested records or providing the required written statement of intent to withhold the requested information provided by Defendant TxDPS Rangers.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C. § 1983, Civil Action For Deprivation of Rights
### (Wrongful Death)
### (As to all Defendants except Defendant TxDPS Rangers)

31. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

32. The conduct alleged herein deprived Mr. Miller of rights and privileges secured and protected by the United States Constitution and the laws of the United States, namely the Fourth Amendment right to be free from excessive use of force against his person during the course of an arrest, and the Eighth Amendment right to be free from cruel and unusual punishment while in custody. These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

33. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C. § 1983, Civil Action For Deprivation of Rights
### (Excessive Force)
### (As to all Defendants except Defendant TxDPS Rangers)

34. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

35. The conduct alleged herein deprived Mr. Miller of rights and privileges secured and protected by the United States Constitution and the laws of the United States, namely the Fourth Amendment right to be free from excessive use of force against his person during the course of an arrest, and the Eighth Amendment right to be free from cruel and unusual punishment while in

custody. These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

36. Plaintiff's requests for relief are set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C. § 1983, Civil Action For Deprivation of Rights
### (Inadequate Training)
### (As to all Defendants except Defendant TxDPS Rangers)

37. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

38. Defendants Tarrant County Sheriff's Office, Sheriff Bill E. Waybourn, and Tarrant County are also liable under 42 U.S.C. § 1983 because (1) Defendants' training procedures relating to arrests, interactions with community members, and appropriate force are inadequate; (2) Defendants were deliberately indifferent to the constitutional rights of the public in adopting the training policies; and (3) the inadequate training has directly caused Plaintiff's damages. These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

39. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C. § 1983, Civil Action For Deprivation of Rights
### (Official Policy or Custom)
### (As to all Defendants except Defendant TxDPS Rangers)

40. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

41. Defendants Tarrant County Sherriff's Office and Sheriff Bill E. Waybourn are liable under 42 U.S.C. § 1983 because the deprivation of Mr. Miller's constitutional rights was inflicted pursuant to their official policies or customs. Such policies or customs were a direct cause-

in-fact of the deprivation of Mr. Miller's constitutional rights. The policies or customs were the proximate cause of the injuries sustained. The policies or customs reflect a deliberate indifference to the risk that a violation of a constitutional or statutory right will result from following the policies or customs. These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

42. Plaintiff's requests for relief are set forth below.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Negligent Hiring, Retention, and Supervision
### (As to all Defendants except Defendant TxDPS Rangers)

43. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

44. Defendants Tarrant County Sherriff's Office, Sheriff Bill E. Waybourn, and Tarrant County had a duty to protect Mr. Miller from harm resulting from their employment of law enforcement officials that committed unlawful acts against Mr. Miller. Defendants breached that duty by hiring, retaining, and failing to train, supervise, or discipline these employees. The conduct of Defendants proximately caused Plaintiff significant damages.

45. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (As to all Defendants except Defendant TxDPS Rangers)

46. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

47. Defendants' and/or Defendants' agents' conduct was intentionally negligent. As a result of Defendants' and/or Defendants' agents' actions, Plaintiff experienced severe emotional distress.

48. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### Violations of Texas Public Information Act
### (As to Defendant TxDPS Rangers)

49. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

50. Defendant TxDPS Rangers conducted an investigation into the death of Mr. Miller.

51. Defendant TxDPS Rangers are required under TEX. GOV. CODE § 552.022(1) to supply a requestor with public records pertaining to a completed report, audit, evaluation, or investigation made of, for, or by a governmental body.

52. Defendant TxDPS Rangers refused to be responsive to public records requests into the death of Mr. Miller.

53. Defendant TxDPS Rangers are required under TEX. GOV. CODE § 552.301 to either supply the requested public records or a written statement that the governmental body wishes to withhold the requested information.

54. Defendant TxDPS Rangers has refused to comply with the statutory requirements and have continued to refuse to provide any documentation or records in violation of the Texas Public Information Act.

55. Plaintiff's requests for relief are set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. Declaring that the practices complained of herein are unlawful and in violation of the rights of the Plaintiff under U.S. Const. Amend. IV, U.S. Const. Amend VIII, and 42 U.S.C. § 1983;

B. Awarding all damages which Plaintiff has sustained as a result of Defendants' conduct, including for physical injuries, medical bills, emotional distress, and anguish;

C. Pre-judgment and post-judgment interest, as provided by law;

D. Awarding Plaintiff punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, oppressive, and/or malicious conduct;

E. Granting Plaintiff reasonable and necessary attorneys' fees and expenses which Plaintiff has incurred and will continue to incur during all trial and appellate court proceedings pursuant to 42 U.S.C. § 1988;

F. That the Court retain jurisdiction over Defendants until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Awarding Plaintiff such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Plaintiff also seeks injunctive relief, including, but not limited to:

A. Training on appropriate force and de-escalation tactics for all law enforcement officials employed by Defendants;

B. Supervisory discipline up to and including termination for any agent of Defendants' who engages in such unlawful arrest and excessive force;

C. Supervisory discipline up to and including termination for John Doe Constables 1 and 2, or any other agent of Defendants' involved in the incidents described herein;

D. Monitoring by the Court or a federal agency to ensure that Defendants comply with all injunctive relief.

Plaintiff also files this suit requesting a writ of mandamus compelling Defendants to make information available for public inspection pursuant to section 552.321 of the Texas Public Information Act. Pursuant to section 552.323 of the Texas Public Information Act, Plaintiff seeks costs of litigation and reasonable attorney's fees.

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.


Dated: October 22, 2021                                  Respectfully submitted,


                                                         */s/David W. Henderson*
                                                         David W. Henderson
                                                         Texas State Bar No. 24032292
                                                         dhenderson@equalrights.law
                                                         Jay D. Ellwanger
                                                         Texas State Bar No. 24036522
                                                         jellwanger@equalrights.law
                                                         **Ellwanger Law LLLP**
                                                         400 S Zang Blvd, Suite 600
                                                         Dallas, Texas 75208
                                                         Telephone: (214) 948-3334
                                                         Facsimile:  (214) 853-9410

                                                         *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2021, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's ECF system.


                                        */s/ David W. Henderson*_____
                                        David W. Henderson