IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHANELLE JENKINS, as surviving spouse, and Representative of the Estate of ROBERT GERON MILLER<br><br>　　Plaintiff,<br><br>v.<br><br>TARRANT COUNTY SHERIFF'S OFFICE, BILL E. WAYBOURN in his official capacity as Sheriff of Tarrant County, Texas, TARRANT COUNTY<br><br>　　Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 4:21-CV-910-O |

**DEFENDANTS' FIRST AMENDED MOTION TO DISMISS AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE REED O'CONNOR:

**I. Introduction and Summary of Relief**

Defendants Tarrant County (which has also been improperly named as the Tarrant County Sheriff's Office) and Bill E. Waybourn, in his official capacity as Sheriff of Tarrant County, Texas previously filed a motion to dismiss. ECF No. 11. In response, Plaintiff amended as a matter of course. ECF No. 14. However, Plaintiff did not address any of the pleading deficiencies Defendants pointed out in their original motion to dismiss. Instead, Plaintiff added a new defendant (the Texas DPS) and a new claim against that defendant for alleged open records violations. All of the same grounds Defendants raised in their original motion to dismiss are equally applicable to Plaintiff's First Amended Complaint. But out of an abundance of caution, Defendants urge this First Amended Motion to Dismiss, seeking dismissal of Plaintiff's claims against Defendants.

1

## II.  Motion to Dismiss

A.  **Factual and Procedural Background**

On the eve of the statute of limitation running, Plaintiff Shanelle Jenkins filed this action. ECF No. 1. She recently amended her complaint but added no new allegations against the Defendants herein. ECF No. 14 (joining and adding a cause of action against the Texas DPS). While Plaintiff alleges that her husband, Robert Miller, died in Tarrant County's custody, her complaint is totally devoid of any factual specificity. With no underlying allegations, Plaintiff simply parrots the elements of various causes of action, collectively seeking relief from the named defendants. *See id*. Plaintiff's claims should be dismissed for failure to state a claim.

Plaintiff alleges that she was Miller's spouse. ECF No. 14, ¶ 7. Although, she has not identified a specific probate proceeding involving Miller, and without specifically asserting a survival claim (*see* Tex. Civ. Prac. & Rem. Code Ann. § 71.021), Plaintiff claims to be the "Executor of the Estate of the Robert Miller." *Id*., ¶ 8.[1]

She alleges that Miller was arrested on misdemeanor warrants on July 31, 2019 (*id.*, ¶ 14) and was pronounced dead on August 1, 2019 at John Peter Smith Hospital (*id*., ¶ 15). Other than stating that Miller died in custody, Plaintiff alleges that she does not know how Miller died, and she does not tie his death to any specific person or conduct. *Id*., ¶¶ 16-17.

Based on her threadbare allegations, Jenkins collectively sues the three above-named defendants under 42 U.S.C. § 1983 for alleged "wrongful death" (*id*., ¶¶ 31-33), "excessive force" (under the Fourth and Eighth Amendments) (*id*., ¶¶ 34-36), "inadequate training" (*id*., ¶ 37-39), and for an "official policy or custom" (*id*., ¶¶ 40-42). Plaintiff also sues under state law for alleged negligent hiring, retention, and supervision (*id*., ¶¶ 43-45) and intentional infliction of emotional

---

[1] In the case style, she also claims to be the "Representative of the Estate of Robert Geron Miller." ECF No. 14, PageID 70. Plaintiff, however, points to no document or court proceeding making her the legal representative of Miller's Estate.

distress (*id.*, ¶¶ 46-48). Plaintiff's causes of action are all pleaded in conclusory fashion. ECF No. 14. Plaintiff seeks compensatory damages, punitive damages, and injunctive relief, among other relief. *Id.*, PageID 79-81, Prayer for Relief.

**B.     Grounds for Relief**

Under rules 12(b)(6) and 12(b)(1), the above-styled action should be dismissed on the following grounds:

(1)     The Tarrant County Sheriff's Office is a non-jural entity and cannot be sued;

(2)     Plaintiff's official-capacity claims against Sheriff Waybourn are duplicative;

(3)     Plaintiff fails to state a municipal liability claim under *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 98 S. Ct. 2018 (1978);

(4)     Plaintiff fails to state a negligent hiring, retention, or supervision claim;

(5)     Plaintiff fails to state an intentional infliction of emotional distress claim;

(6)     Plaintiff fails to state a claim for punitive damages; and

(7)     Plaintiff lacks standing to seek injunctive, declaratory, or mandamus relief.

### III. Brief in Support of Motion to Dismiss

**A.     Standards for Rule 12(b)(6) Motions**

The federal pleadings standards are well settled. *See, e.g., Harmon v. City of Arlington, Tex.*, 478 F. Supp. 3d 561, 567 (2020) (O'Connor, J.). Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file

a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79.

Under these standards, Plaintiff fails to state a claim against Defendants.

**B.** **Plaintiff's section 1983 claims should be dismissed.**

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a section 1983 claim, a plaintiff must allege facts that show that she has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See Flagg*

4

*Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Municipalities cannot be held liable under section 1983 on a respondeat superior theory, and a county is not liable where an injury is caused solely by one of its employees. *Monell,* 436 U.S. at 690. Rather, proof of municipal liability requires "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Each of these elements is critical to a successful claim. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

"Allegations of an isolated incident are not sufficient." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). Moreover, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997) (internal quotations and citation omitted). Here, Plaintiff has failed to state a section 1983 claim against any Defendant.

### 1. Plaintiff's claims against the Tarrant County Sheriff's Office—a non-jural entity—should be dismissed.

Plaintiff sues the Tarrant County Sheriff's Office, ECF No. 14, PageID 72, ¶ 9, but it is not a jural entity. Therefore, Plaintiff's claims against the Tarrant County Sheriff's Office must be dismissed. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity); *Wakat v. Montgomery Cty.*, 471 F. Supp. 2d 759, 768 (S.D. Tex. 2007) ("The plaintiffs have not demonstrated that the [Sherriff's department] has been granted such authority by Montgomery County. Accordingly, the [department] is not a proper defendant."); *Wiginton v. Dallas Cty.*, 3:06–CV–0991–B, 2006 WL 2405054, at *2 (N.D. Tex. Aug. 18, 2006) (dismissing claims against the Dallas County Sheriff's Department).

### 2. Plaintiff's duplicative official-capacity claims against Sheriff Waybourn should be dismissed.

Plaintiff sues both Tarrant County and its Sheriff, Bill E. Waybourn. ECF No. 14, ¶¶ 10-11. However, Plaintiff specifies that Sheriff Waybourn is only being sued "in his official capacity as Sheriff of Tarrant County, Texas." *Id.*, PageID 70, style of the case & first unnumbered paragraph. The law is clear that a suit against a defendant in his official capacity is a suit against his employer. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Plaintiff's claims against Sheriff Waybourn are duplicative of the claims against Tarrant County and should be dismissed. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); *Freeland v. Tarrant Cty., Tex.*, 4:18-CV-845-A, 2019 WL 339452, at *4 (N.D. Tex. Jan. 28, 2019) (dismissing duplicative claims against Sheriff Waybourn), *aff'd*, 789 F. App'x 406 (5th Cir. 2019).

Moreover, Plaintiff improperly sues Waybourn only because he "is and has been, at all relevant times, acting as Sheriff of Tarrant County." ECF No. 14, ¶ 10. Section 1983 does not "create supervisory or respondeat superior liability." *Witherspoon v. Waybourn*, 4:20-CV-313-O, 2021 WL 1056514, at *4 (N.D. Tex. Mar. 19, 2021) (citing *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002)). Plaintiff's claim that Sheriff Waybourn is liable because he is the Sheriff should be dismissed because it fails to state a claim upon which relief may be granted. *See id.*

### 3. Plaintiff fails to plead an underlying constitutional violation.

Plaintiff directly sues Tarrant County for excessive force during Miller's arrest (under the 4th Amendment) and for cruel and unusual punishment (under the 8th Amendment).[2] ECF No. 14, ¶¶ 31-36. But Plaintiff does not plead any facts of any individual(s) who allegedly violated Miller's constitutional rights (*i.e.*, who, what, when, where, or how). *Id.* Rather, Plaintiff merely asserts

---

[2] Miller was a post-arrest, pretrial detainee and not a convicted prisoner. ECF No. 14, ¶¶ 14-17. Therefore, Plaintiff fails to state a claim under the Eighth Amendment. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *see also Garcia v. City of El Paso*, 79 F. App'x 667, 669 (5th Cir. 2003) (stating claim arises under 14th Amendment).

that Miller died in Tarrant County's custody and, on that basis alone, asks this Court to hold Tarrant County responsible. *Id.*, at ¶¶ 13-17; *see Iqbal*, 556 U.S. at 678 (stating that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

In the absence of any underlying constitutional violation, there can be no municipal liability under *Monell*. *See Albert v. City of Petal*, 819 F. App'x 200, 203 (5th Cir. 2020) (noting that because there was no constitutional violation, there can be no *Monell* claims); *Brown v. Wilkinson Cnty. Sheriff Dep't*, 742 F. App'x 883, 884 (5th Cir. 2018) (holding that, because the plaintiff failed to demonstrate an underlying constitutional violation, the claims against the county and the officers in their official capacities failed); *Harris v. Serpas*, 745 F.3d 767, 774 (5th Cir. 2014) (upholding the district court's dismissal of the *Monell* claims because the plaintiffs had not shown there was a constitutional violation). Because Plaintiff did not plead any facts of an underlying constitutional violation of the 4th, 8th, or 14th Amendments, Plaintiff fails to state a plausible *Monell* claim. This Court should, therefore, dismiss Plaintiff's claims and this action.

**4.   Plaintiff fails to plead *Monell's* three elements.**

Alternatively, this Court should dismiss Plaintiff's claims because she did not plead facts to support any of *Monell's* three requisite elements (*i.e.*, policy or custom, promulgated by a policymaker, that was the moving force behind Plaintiff's alleged constitutional deprivation). *See Pineda*, 291 F.3d at 328; *Piotrowski*, 237 F.3d at 578. Plaintiff alleges that Miller died while in Tarrant County's custody, but she otherwise pleads no facts specific as to Tarrant County. ECF No. 14, ¶¶ 13-17. Plaintiff's conclusory allegations—devoid of specific facts—do not state a claim under *Monell*. *See Ratliff v. Aransas Cty., Tex.*, 948 F.3d 281, 284-85 (5th Cir. 2020) (restating that courts are not required "to accept 'generic' or 'boilerplate' pleadings" and that "*Monell* pleadings must contain sufficient factual matter"); *Spiller*, 130 F.3d at 167. The Court should dismiss Plaintiff's conclusory section 1983 municipal liability claims.

### 5. Plaintiff fails to state a failure-to-train claim.

For the reasons stated above, Plaintiff's failure-to-train claim should be dismissed. ECF No. 14, ¶¶ 37-39.

Additionally, Plaintiff fails to plead that the "[county's] failure to train reflects deliberate indifference to the constitutional rights of its inhabitants." *Wilson v. City of Southlake*, 4:16-CV-00057-O, 2017 WL 11489762, at *7–8 (N.D. Tex. Nov. 28, 2017) (O'Connor, J.) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989)). Here, Plaintiff has not pleaded any facts regarding training or related training policies. Specifically, Plaintiff has not pleaded any facts describing how officers were trained, how that training was inadequate, how that training led to a pattern of violations, or showing deliberate indifference. *See id.*; *see also* ECF No. 14. Rather, Plaintiff points to Miller's death and formulaically recites the failure-to-train claim's elements. ECF No. 14, ¶¶ 37-39. Accordingly, this Court should dismiss Plaintiff's section 1983 failure-to-train claims. *See Wilson*, 2017 WL 11489762, at *8.

### C. Defendants are immune from Plaintiff's tort claims.

Plaintiff sues Defendants under state law for negligent hiring, retention, and supervision. ECF No. 14, ¶¶ 43-45. Defendants are immune from these claims because they do not involve an injury arising from the condition or use of tangible personal property or real property or involve motor-driven equipment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *Goodman v. Harris Cty.*, 571 F.3d 388, 394 (5th Cir. 2009); *Meyer v. Coffey*, 231 F. Supp. 3d 137, 151 (N.D. Tex. 2017); *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580–81 (Tex. 2001). Also, Defendants are immune from Plaintiff's intentional infliction of emotion distress claim, ECF No. 14, ¶¶ 46-48, because the Texas Tort Claims Act does not waive immunity for intentional torts. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2); *Goodman,* 571 F.3d at 394 ("The TTCA does not

apply to claims arising out of an intentional tort.").[3] Defendants request this Court either (1) to dismiss Plaintiff's state tort claims for failure to state a claim or (2) to dismiss Plaintiff's federal claims and to decline to exercise jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c); *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 201 (5th Cir. 2015).

**D.   Plaintiff fails to plead a cognizable claim for punitive damages.**

Furthermore, if this Court allows any of Plaintiff's claims to go forward (which it should not), dismissal is still warranted on Plaintiff's punitive damages claims. *See* ECF No. 14, PageID 80, ¶ D. Whether pursued under 42 U.S.C. § 1983 or the Texas Tort Claims Act, punitive damages are not recoverable against Tarrant County. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983."); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.024 (disallowing punitive damages against governmental entities); *Kuhl v. City of Garland*, 910 S.W.2d 929, 931 (Tex. 1995) (stating that "the Texas Tort Claims Act ... prohibits punitive damages."). Plaintiff's claims for punitive damages should be dismissed.

**E.   Plaintiff lacks standing to seek injunctive, declaratory, or mandamus relief.**

Plaintiff also sues for injunctive and declaratory relief, in addition to section 1983 damages. ECF No. 14, PageID 79-81. Concerning Plaintiff's request for injunctive and declaratory relief and "[m]onitoring by the Court or a federal agency," due to Miller's death and the lack of averments that he could be confined in the future, Plaintiff cannot establish a real and immediate likelihood of being held in Tarrant County's custody. ECF No. 14. Plaintiff, therefore, lacks Article III standing to obtain injunctive or declaratory relief, and such claims should be dismissed for lack

---

[3] Plaintiff's claim for intentional infliction of emotional distress should otherwise be dismissed. *See, e.g., Cook v. United States*, 4:10-CV-291-A, 2010 WL 2990763, at *2 (N.D. Tex. July 28, 2010) (citing *Day v. Rogers*, 260 F. App'x 692, 696 (5th Cir. 2007) (holding an intentional infliction of emotional distress claim is not available where a plaintiff asserts constitutional violations pursuant to 42 U.S.C. § 1983)).

of standing. *See* Fed. R. Civ. P. 12(b)(1); *see, e.g., Soc. of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) ("To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future."); *Dudley v. Singleton*, 3:20-cv-00626-HNJ, 2020 WL 7401591, at *19-20 (N.D. Ala. Dec. 17, 2020) (dismissing for lack of standing a mother's injunctive relief claims pursued on behalf of her deceased son, who had died in custody).

Finally, while Plaintiff exempts Defendants Tarrant County, the Tarrant County Sheriff's Office, or Sheriff Waybourn from their open records cause of action, Plaintiff lumps these Defendants into her prayer for relief seeking a mandamus. ECF No. 14, ¶¶ 49-55 & Prayer ¶ D on PageID 81. Plaintiff lacks standing to sue the above-named Defendants for the Texas DPS's alleged violations of the open record act because only the DPS can redress Plaintiff's claimed injury when it is in exclusive possession of its documents. *See, e.g., Seals v. McBee*, 907 F.3d 885, 890 (5th Cir. 2018) (stating party lacked standing to obtain injunctive relief by suing the wrong party).

## IV. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants Tarrant County, the Tarrant County Sheriff's Office, and Sheriff Waybourn (in his official capacity) pray that this Court grant this motion and dismiss this action, that Plaintiff take nothing by this suit, and that these Defendants be granted such other and further relief, both general and special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

*/s M. Keith Ogle*
**M. KEITH OGLE**
State Bar No. 24037207
Assistant Criminal District Attorney

SHAREN WILSON
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANTS TARRANT COUNTY SHERIFF'S OFFICE; BILL E. WAYBOURN,** *IN HIS OFFICIAL CAPACITY AS SHERIFF OF TARRANT COUNTY, TEXAS*; **AND TARRANT COUNTY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon the following parties in accordance with the provisions of Rule 5, FED. R. CIV. P., on November 2, 2021:

| | |
|---|---|
| David W. Henderson<br>Jay D. Ellwanger<br>Ellwanger Law LLLP<br>400 S Zang Blvd, Suite 600<br>Dallas, Texas 75208<br>**ATTORNEY FOR PLAINTIFF** | *Via Electronic Filing* |

*/s/ M. Keith Ogle*
**M. KEITH OGLE**

11