IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHANELLE JENKINS, as surviving spouse, and Representative of the Estate of ROBERT GERON MILLER<br><br>Plaintiff,<br>v.<br><br>TARRANT COUNTY SHERIFF'S OFFICE, BILL E. WAYBOURN in his official capacity as Sheriff of Tarrant County, Texas, TARRANT COUNTY<br><br>Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 4:21-CV-910-O |

**DEFENDANTS TARRANT COUNTY, TARRANT COUNTY SHERIFF'S OFFICE, AND (IN HIS OFFICIAL CAPACITY) BILL E. WAYBOURN'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST AMENDED MOTION TO DISMISS**

TO THE HONORABLE JUDGE REED O'CONNOR:

**I. Introduction and Summary of Relief Requested**

For the reasons stated in the County Defendants' amended motion to dismiss, this Court should dismiss Plaintiff's claims against the County Defendants.[1] ECF No. 15.

Previously, this Court warned Plaintiff that Plaintiff's Original Complaint "fail[ed] to raise a right to relief above the speculative level." ECF No. 4. After attending a hearing, instead of curing the pleading deficiencies, Plaintiff served the defective complaint on the County Defendants. ECF No. 7.

---

[1] Tarrant County (improperly named as the Tarrant County Sheriff's Office) and Bill E. Waybourn, in his official capacity as Sheriff of Tarrant County, Texas will be collectively referred to herein as the County Defendants.

1

The County Defendants urged dismissal, setting forth various pleading deficiencies (presumably that the Court had already pointed out). ECF No. 11. Plaintiff amended without addressing any of these deficiencies. ECF No. 14. The allegations against the County Defendants *did not change*. *Id.*

Instead, Plaintiff joined another defendant, the DPS. ECF No. 14. The new allegations in the Amended Complaint focused—not on the County Defendants—but on Plaintiff's discovery efforts from the DPS that Plaintiff admits **began after filing suit**. *See* ECF No. 9 (explaining Plaintiff's efforts beginning August 12, 2021 to look for facts to support a claim against the County Defendants); ECF No. 1 (filed July 30, 2021). The County Defendants again moved to dismiss, urging essentially the exact same grounds. ECF No. 15. Plaintiff tried to avoid responding and asked for a stay to allow Plaintiff's discovery efforts, ECF No. 2), but this Court ordered Plaintiff to respond, ECF No. 23.

Plaintiff did respond. ECF No. 26. But at its essence, Plaintiff's response ignores her Amended Complaint, the standard of review, and many of the grounds asserted for dismissal, improperly urging this Court to look beyond the allegations in the Amended Complaint. *Id.* Simply put, Plaintiff's Amended Complaint—filed after both the Court and the County Defendants had pointed out Plaintiff's pleading deficiencies—still does not plead sufficient facts to state a claim supporting County liability under *Monell*. Accordingly, this Court should grant the County Defendants' amended motion to dismiss and should dismiss Plaintiff's claims.

## II.  Arguments and Authorities in Reply

**A.     Plaintiff did not address multiple grounds for dismissal.**

In responding to the County Defendants' amended motion to dismiss, Plaintiff has not responded to all the grounds for dismissal. With respect to each of the following unresponded-to grounds, dismissal is warranted:

2

- The Tarrant County Sheriff's Office is a non-jural entity that should be dismissed, ECF No. 15, PageID 87;

- Plaintiff's duplicative official-capacity claim against Sheriff Waybourn should be dismissed, *id*.;

- Plaintiff is not entitled to punitive damages, *id*., PageID 91; and

- Plaintiff is not entitled to a writ of mandamus from the County Defendants, *id*., PageID 91-92.

B.  **This Court may only look to Plaintiff's Amended Complaint.**

In the County Defendants' amended motion to dismiss, the County Defendants argued that Plaintiff's Amended Complaint is utterly devoid of factual allegations and, therefore, does not state a claim. ECF No. 15, PageID 84 (citing Amended Complaint, ECF No. 14, ¶ 14-17). The complaint alleges that Robert Miller died in Tarrant County's custody; however, the complaint does not allege a cause of death and fails to tie the death to any specific person or conduct. *Id.*

In response, Plaintiff does not really dispute that her pleadings are inadequate. ECF No. 26. Instead, Plaintiff invites this Court to look on the internet at several newspaper articles (some which predate Plaintiff's filing of her Original Complaint) to speculate about what happened to Miller. *Id*., PageID 147-151. Plaintiff further asks this Court to look beyond the Amended Complaint, which does not contain any of the allegations she cites from the newspaper articles. *Id.*

This Court should not, however, accept Plaintiff's invitation to speculate beyond what is stated in Plaintiff's Amended Complaint. As the Fifth Circuit has repeatedly held, at the motion-to-dismiss stage, the "inquiry focuses on the allegations in the pleadings." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007); *see also Sw. Bell Tel., L.P. v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint."). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Any factual allegations cited in Plaintiff's response that are not in Plaintiff's Amended Complaint are not properly before this Court. *See Leal v.*

*McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013); *Sw. Bell Tel., LP*, 529 F.3d at 263; *Roubinek v. Select Portfolio Serv. Inc.*, 3:11-cv-3481-D, 2012 WL 2358560, at *3 n.2 (N.D. Tex. June 21, 2012); *Coach, Inc. v. Angela's Boutique*, H-10-1108, 2011 WL 2634776, at *2 (S.D. Tex. July 5, 2011) ("Allegations contained in a response to a motion to dismiss are not appropriately considered in a Rule 12(b)(6) motion, which evaluates the sufficiency of the complaint itself and does not consider allegations not contained in the pleadings.") (citation omitted).

Were this Court to examine Plaintiff's Amended Complaint against the grounds asserted in the County Defendants' amended motion to dismiss (*i.e.*, there are no allegations in the Amended Complaint of an underlying constitutional violation, of *Monell's* three elements, or to support a failure-to-train claim), this Court will see that Plaintiff's Amended Complaint stands exactly as her Original Complaint did—it fails to state a claim. *Compare* ECF No. 1, *with*, ECF No. 14. Plaintiff's Amended "Complaint, even assuming all the allegations therein are true, fails to raise a right to relief above the speculative level." *Id.* ECF No. 4 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Because "[a] plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action" (*see id.*), which is the sum and substance of Plaintiff's Amended Complaint, this Court should grant the County Defendants' amended motion to dismiss. ECF No. 15.

**C.      Plaintiff is not entitled to discovery.**

In her response, Plaintiff hints at needing more discovery to be able to plead her case. ECF No. 26, PageID 156 ("As it is prior to discovery, it is not feasible for Plaintiff to present the court 'specific details ….'") and PageID 168 ("Plaintiff respectfully requests that the Court … Grant Plaintiff's Stay of the Proceedings pending the Writ of Mandamus."). However, because this Court's analysis of the County Defendants' amended motion to dismiss focuses solely "on the face of the complaint," Plaintiff is not entitled to conduct discovery. *See* ECF No. 29 (quoting *Landry*

*v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990), *opinion modified on denial of reh'g* (Apr. 27, 1990) & citing *Walker v. Concordia Capital*, 782 F. App'x 355, 356 (5th Cir. 2019); W*ilson v. Dallas Cty. Hosp. Dist.*, 715 F. App'x 319, 323 (5th Cir. 2017)). "Rule 8 … does not 'unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 601 (N.D. Tex. 2014) (O'Connor, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). The County Defendants' amended motion to dismiss should be granted without further delay.

**D.     Plaintiff's state tort claims should be dismissed.**

The County Defendants moved for dismissal of Plaintiff's negligence and intentional infliction of emotional distress claims because the County Defendants are immune from such claims. ECF No. 15, PageID 90-91. Plaintiff does not specifically address that dismissal ground or the cases cited in the amended motion to dismiss. *Compare id. with* ECF No. 26, PageID 167. Rather, Plaintiff cites *Kentucky v. Graham*, 473 U.S. 159, 168-69 (19895) and claims that "the Texas Tort Claims Act does not bar Plaintiff from suing the Defendants simultaneously." ECF No. 26, PageID 167. Plaintiff's response misses the mark. For the reasons stated in the County Defendants' amended motion to dismiss, Plaintiff's state tort claims for negligence and intentional infliction of emotional distress claims should be dismissed. ECF No. 15, PageID 90-91.

**E.     Plaintiff's tack-on request for leave to amend should be denied.**

At the conclusion of her response, Plaintiff includes a boilerplate request for leave to amend. ECF No. 26, PageID 168-69. Courts routinely disapprove of "routine and perfunctory" requests to amend that are thrown in as a "safety valve" in case a court rules in favor of the defendant, "particularly where a plaintiff's claims are clearly deficient." *Knutson v. Harris*, 3:17-CV-2618-BK, 2018 WL 4281557, at *9 (N.D. Tex. Sept. 6, 2018); *see In re Capstead Mortg. Corp. Sec. Litig.*, 258 F. Supp. 2d 533, 567 (N.D. Tex. 2003) (noting that this "wait-and-see-what-

5

happens" approach results in "the parties expending considerable time and effort briefing the motion to dismiss" and forces the court "to expend scarce judicial resources drafting an opinion when no effort has been made to inform the court how the deficiencies could be cured"); *see also England v. JPMorgan Chase Bank, N.A.*, 4:14-cv-183-Y, 2014 WL 12588508, at *2 (N.D. Tex. June 19, 2014) (denying plaintiff's "perfunctory" request for leave to amend that failed to identify possible amendments to his deficient claims or include a copy of a proposed amended pleading).

The County Defendants ask this Court to deny Plaintiff's request for leave to amend her pleadings for the following reasons:

1) This Court has already warned Plaintiff and conducted a hearing on Plaintiff's pleadings, giving her an opportunity to amend, and Plaintiff did not substantively amend. She started conducting discovery based on articles that existed before her originally-filed complaint;

2) When the County Defendants originally moved to dismiss, Plaintiff chose not to add any factual allegations and instead asked this Court for time to continue discovery that Plaintiff began weeks after Plaintiff filed this lawsuit;

3) In violation of the local rules, Plaintiff has not submitted a proposed amended pleading. *See* N.D. Tex. Loc. R. 15.1 (requiring a request for leave to amend be accompanied by a copy of the proposed amended pleading);

4) Plaintiff has otherwise not stated what additional facts she would plead to demonstrate *Monell* liability against Tarrant County; and

5) Such an amendment would be futile because all of the 2020 and 2021 incidents Plaintiff cites from the newspaper articles (*see* ECF No. 26, PageID 147) cannot be used to establish a custom or policy in 2019 at the time Robert Miller died. *See Connick v. Thompson*, 563 U.S. 51, 63 n.7 (2011) ("[C]ontemporaneous or subsequent conduct cannot establish a pattern of violations."); *see also Roberts v. Cole*, 1:08-CV-406, 2011 WL 13183081, at *4

(E.D. Tex. Apr. 4, 2011) (after-the-fact events could not have served to place the sheriff on prior notice of possible constitutional violations at the jail), *aff'd*, 471 F. App'x 279 (5th Cir. 2012).

All considering, this Court should deny Plaintiff's perfunctory, dilatory, and futile request for leave to amend. *See McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (court did not abuse its discretion in denying leave to amend where plaintiffs filed a thirty-nine page response to the motion to dismiss urging that they properly pled facts to state a civil rights cause of action; failed to amend their complaint as a matter of right; failed to submit a proposed amended complaint; and failed to alert both the court and defendants to the substance of their proposed amendment).

### III. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants Tarrant County, the Tarrant County Sheriff's Office, and Sheriff Waybourn (in his official capacity) pray that this Court grant their amended motion to dismiss (ECF No. 15) and dismiss this action.

Respectfully submitted,

*/s M. Keith Ogle*
**M. KEITH OGLE**
State Bar No. 24037207
Assistant Criminal District Attorney

SHAREN WILSON
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196

              817-884-1233 - Telephone
              817-884-1675 – Facsimile
              E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANTS TARRANT COUNTY SHERIFF'S OFFICE; BILL E. WAYBOURN,** *IN HIS OFFICIAL CAPACITY AS SHERIFF OF TARRANT COUNTY, TEXAS*; **AND TARRANT COUNTY**

### CERTIFICATE OF SERVICE

  I certify that a true and correct copy of the above and foregoing document was served upon the following parties in accordance with the provisions of Rule 5, FED. R. CIV. P., on December 14, 2021:

| | |
|---|---|
| David W. Henderson<br>Jay D. Ellwanger<br>Ellwanger Law LLLP<br>400 S Zang Blvd, Suite 600<br>Dallas, Texas 75208<br>**ATTORNEY FOR PLAINTIFF** | *Via Electronic Filing* |
| Christopher Lee Lindsey<br>Assistant Attorney General<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711<br>**ATTORNEYS FOR DPS** | *Via Electronic Filing* |

              */s/ M. Keith Ogle*
              **M. KEITH OGLE**