## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **SHANELLE JENKINS, as surviving spouse, and Representative of the Estate of ROBERT GERON MILLER** | § § § § § § § | |
| **Plaintiff,** | § | |
| **v.** | § § | **CIVIL ACTION NO. 4:21-cv-910** |
| **TARRANT COUNTY SHERIFF'S OFFICE, BILL E. WAYBOURN** *in his official capacity as Sheriff of Tarrant County, Texas*, **TARRANT COUNTY, and TEXAS DEPARTMENT OF PUBLIC SAFETY, TEXAS RANGERS DIVISION** | § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § § § | |

### PLAINTIFF'S REPLY TO DEFENDANTS TARRANT COUNTY SHERIFF'S OFFICE'S, BILL E. WAYBOURN'S, AND TARRANT COUNTY'S RESPONSE TO STAY PROCEEDINGS PENDING RESOLUTION OF THE WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Shanelle Jenkins ("Plaintiff"), on behalf of the estate of her deceased husband, Robert Geron Miller, submits to the Court this Reply in support of her Motion to Stay Proceedings Pending Resolution of the Writ of Mandamus ("Plaintiff's Motion") [1] and to address issues with Defendants Tarrant County Sheriff's Office's, Bill E. Waybourn's, and Tarrant County's ("Defendants") Response to Plaintiff's Motion ("Defendants' Response").[2]

## I.      FACTUAL BACKGROUND & INTRODUCTION

Plaintiff refers this Court to the factual background provided in Plaintiff's previous filings, specifically, Plaintiff's Response to Defendants Motion to Dismiss[3] and in Plaintiff's Response to Defendant Texas Department of Public Safety, Texas Rangers' ("TxDPS Rangers") Motion to Dismiss.[4]

Plaintiff's Reply addresses four issues present with Defendants' Response, namely, **(A)** Defendants are incorrect that Defendant Tarrant County Sheriff's Office has been improperly named, **(B)** Plaintiff's Motion is not moot as, absent Plaintiff's Motion, Plaintiff would suffer a substantial threat of irreparable harm, **(C)** Defendants mischaracterize the use of the Act as a request for discovery, and **(D)** the *Nken* factors are appropriate and strongly weigh in Plaintiff's favor.

## II.     ARGUMENT

### A.     Defendants are Incorrect that Defendant Tarrant County Sheriff's Office has been Improperly Named

#### 1.      Defendants' Assertion regarding the Legal Capacity of a Texas County Sheriff's Department is Mistaken.

---

[1] *See* Dkt. No. 22.
[2] *See* Dkt. No. 27.
[3] *See* Dkt. No. 26 at p. 1-5.
[4] *See* Dkt. No. 29 at p. 1-7.

Within Defendants' Response, Defendants contend that Defendant Tarrant County Sheriff's Office has been improperly named as a party to Plaintiff's suit.[5] Defendants seem to base this defense on the improper analysis that a Texas County Sheriff's Department is a non-jural entity and cannot be sued.[6]

Defendants' assertion rests on the holding in *Darby v. Pasadena Police Department. See* 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that, based on FED. R. CIV. P. 17(b)[7], a City Police Department did not have the capacity to be sued because the Police Department was a servient entity of an Incorporated City according to TEX. LOCAL GOV'T CODE ANN. § 341.003[8]).

Defendants' assertion originally cites to *Darby* and two other holdings that both cite to *Darby* to conclude that a Texas Sheriff's Department is a non-jural entity and does not have the capacity to be sued under FED. R. CIV. P. 17(b). *See Wakat v. Montgomery Cty.,* 471 F. Supp. 2d 759, 768 (S.D. Tex. 2007) (directly quoting *Darby* and its analysis of a City Police Department to make a conclusory statement that a Texas County Sheriff's Department was a servient agency of a Texas County and was a non-jural entity); *see also Wiginton v. Dallas Cty.*, 2006 WL 2405054, at *2 (N.D. Tex. 2006) (affirming a magistrate order that quotes *Darby* and a case that only quotes *Darby*[9] to hold that a Texas County Sheriff's Department is a servient agency of a Texas County, thereby not subject to suit).

Defendants' reliance on this case law is misplaced as neither *Darby*, nor the two other holdings, conduct any legal analysis into whether under Texas Law, a Texas County Sheriff's

---

[5] Dkt. No. 27 at fn 1. ("Improperly named as the Tarrant County Sheriff's Office").
[6] *See* Dkt. No. 15 at p. 5.
[7] *See* FED. R. CIV. P. 17(b) (Stating that the capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held.")
[8] *See* TEX. LOCAL GOV'T CODE ANN.. § 341.003 (Stating that a city, under home-rule incorporation within a city charter, grants all authority to provide a police force to the city itself).
[9] *See Magnett v. Dallas County Sheriff's Dep't.*, 1998 WL 51355, at *1 (N.D.Tex. 1998) (making a conclusory statement that a Texas County Sheriff's Department cannot be sued and only using *Darby* and its analysis of Texas City Police Departments to support the conclusion).

Department is a servient agency of a Texas County. Instead, these cases rely on assertions that a Texas County Sheriff's Department is servient rather than conducting similar analysis that the 5th Circuit did in *Darby,* to conclude that a Texas City Police Department is servient to a City under Tex. Local Gov't Code Ann.. § 341.003. *See* 939 F.2d 311, 313-14. In fact, none of these cases directly evaluate Texas law to determine the capacity of a Texas Sheriff's Office to be sued pursuant to Fed. R. Civ. P. 17(b). Therefore, Defendants are mistaken to assert that Defendant Tarrant County Sheriff's Department does not have the legal capacity to be sued as a proper party.[10]

> **2.  A Texas County Sheriff's Department is NOT a Servient Agency to a County's Governance under Texas Law as a Texas County Sheriff's Department is a County's Final Policymaker in the Area of Law Enforcement.**

Under Texas Law, a Texas Sheriff's Department is created as part of the Texas Constitution. *See* Tex. Const. art. 5, § 23. Specifically, the Texas Constitution outlines that a County Sheriff is elected by the "qualified voters of each county"; and has their duties and perquisites prescribed by the Texas Legislature. *Id*. The Texas Legislature has charged a Sheriff and their department to preserve the peace in their jurisdiction and arrest all offenders. *See* Tex. Code Crim. P. arts. 2.13, 2.17. In order to accomplish this task, the state has empowered a Sheriff and their department to "define objectives and choose the means of achieving them **without county supervision**." *Rhode v. Denson,* 776 F.2d 107, 109 (5th Cir.1985), cert. denied, 476 U.S. 1170 (1986) (emphasis added).

As a result, As Plaintiff established in her Response to Defendants' Motion to Dismiss ("Plaintiff's Response")**,** a Texas Sheriff and their Department are the **final and independent**

---

[10] *See* Dkt. No. 15 at p. 5.

**policymaker** for a county in the area of law enforcement[11] "through virtue of the office to which the sheriff has been elected", "not by virtue of delegation by the County's governing body." *Robinson v. Hunt Cnty., Tex.*, 921 F.3d 440, 448 (5th Cir. 2019) (quoting *Turner v. Upton County, Texas,* 915 F.2d 133, 136 (5th Cir.1990)). Therefore, a Texas County Sheriff's Department holds "virtually absolute sway over the particular tasks or areas of responsibility entrusted by state statute, thereby law enforcement. *Turner v. Upton County, Texas,* 915 F.2d 133, 136 (quoting *Familias Unidas v. Briscoe,* 619 F.2d 391, 404 (5th Cir.1980)).

An evaluation of Texas Law shows that a Texas County Sheriff's Department is not a servient agency to a County's Governance and does not need explicit grants by a County to be sued. A Texas County's Sheriff's Department is unique; and "through the virtue of the office" the final and ultimate policymaking authority for law enforcement in a County. *See Robinson v. Hunt Cnty., Tex.*, 921 F.3d 440, 448. As a result, the holding in *Darby* and Defendants' assertion do not apply to a Texas County Sheriff's Department as a Texas County Sheriff's Department is not a local police department that is bound by a Home Rule Charter. Instead, it is an elected office created by the Texas Constitution that dictates its policy without County supervision. Therefore, under Texas Law, a Texas Sheriff's Department has the capacity to be sued pursuant to FED. R. CIV. P. 17(b).

**B.  Plaintiff's Motion is Not Moot as, Absent Plaintiff's Motion, Plaintiff would Suffer a Substantial Threat of Irreparable Harm**

A case only becomes moot when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party. *Chafin v. Chafin,* 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees Intern. Union, Local 1000*, 567 U.S. 298, 307-305 (2012)). Even the

---

[11] *See* Dkt. No. 26 at p. 11 (citing *Gipson v. Harris County, Tex.,* 2020 WL 6550542 at *3 (S.D. Tex. Oct. 15, 2020) (quoting *Harris Cty. v. Coats*, 2020 WL 581184, at *6 (Tex. App.—Houston [14th Dist.] Feb. 6, 2020, n.p.h.).

availability of a "partial remedy" is sufficient to prevent a case or controversy from being moot. *Id.* (quoting *Calderon v. Moore,* 518 U.S. 149, 150 (1999) (*per curiam*)).

Further, when the primary relief is no longer available, a court can keep a case alive as long it can "imagine an alternative form of relief." *Dierlam v. Trump,* 977 F.3d 471, 476-477 (5th Cir. 2020) (quoting *Univ. of Notre Dame v. Sebelius*, 743 F.3d 547, 553 (7th Cir. 2014), *judgment vacated sub nom. Univ. of Notre Dame v. Burwell*, 575 U.S. 901 (2015)). Therefore, a court does not need to issue the exact form of relief that a plaintiff requests. *See Chafin,* 568 U.S. at 177.

Defendants contend that, after Plaintiff's Response, Plaintiff's Motion is moot.[12] However, Defendants do not articulate how Plaintiff's Response made it impossible for this Court to grant any effectual relief, partial remedy, or meaningful relief to Plaintiff's substantial threat of irreparable harm. Defendants assert that Plaintiff's Response renders her substantial threat of irreparable harm moot without addressing (i) whether Plaintiff's Motion would allow Plaintiff to "adequately respond"[13] to Defendants' Motion to Dismiss or (ii) whether Plaintiff's Motion would allow Plaintiff to "adequately amend Plaintiff's complaint to resolve any deficiencies."[14] In light of possible meaningful or partial relief, Plaintiff's Motion is not Moot.

Additionally, a case is not moot when a defendant's arguments demonstrate that, absent a stay of proceedings, a plaintiff would face a substantial threat of irreparable harm. *See Honig v. Doe,* 484 U.S. 305, 321-322 (1988) (holding that a case was not moot as the defendants' arguments gave the Court strong reason to believe that, absent an injunction, the plaintiffs would face a substantial threat of irreparable harm).

---

[12] *See* Dkt. No. 27 at p. 2.
[13] *See* Dkt. No. 22 at p. 8.
[14] *Id.*

Defendants' arguments in Defendants' Reply to Plaintiff's Response (Dkt. No. 30) demonstrate that, absent a stay, Plaintiff faces a substantial threat of irreparable harm. Specifically, Defendants argue **(i)** that this Court must disregard Plaintiff's Response and may only look to Plaintiff's Amended Complaint, and **(ii)** that this Court must deny any relief in the form of a leave to amend.[15] As a result, Defendants' arguments give this Court strong reason to believe that Plaintiff faces a substantial threat of irreparable harm rendering Plaintiff's Motion not moot.

Further, Defendants' arguments bolster that, absent Plaintiff's Motion, a meaningful decision on the merits of Plaintiff's claims regarding Mr. Miller's Death would be impossible. As seen in a *New York Times* investigation piece published September 25, 2021,[16] it would be a miscarriage of justice to render Plaintiff's Motion moot.

### C. Defendants mischaracterize the use of the Act as a Request for Discovery.

Within Defendants' Response, Defendants attempt to use strong language to characterize Plaintiff's use of the Act as a request for discovery, specifically asserting that Plaintiff's Motion "should be viewed as nothing more than a request to conduct discovery"[17] and that Plaintiff's Motion only puts on hold the proceedings while Plaintiff "conducts discovery from [Defendant Tx DPS Rangers] via the Texas Public Information Act."[18]

However, the very terms of the Act and the relevant case law mandate that "by its own terms, the [Act] has no effect on civil discovery." *See Piatt v. City of Austin*, 2008 WL 11334173, at *4 (W.D. Tex. 2008) (citing TEX. GOV. CODE § 552.005); *see also Barrientes v. Johnson*, 221 F.3d 741, Fn.14 (5th Cir. 2000) (holding that the Act is not intended to affect discovery based on the general provisions of the Act).

---

[15] *See* Dkt. No. 30 at p. 3-4.
[16] *See* Dkt. No. 25 at p. 3-4.
[17] *See* Dkt. No. 27 at p. 2.
[18] *See Id.* at p. 3.

Additionally, Defendants' assert that "[Plaintiff's Motion] is nothing more than a request to conduct third-party discovery." However, the explicit terms of the Act state that "a subpoena duces tecum or a request for discovery that is issued in compliance with [civil] procedure is not considered to be a request for information under [the Act]." *See* TEX. GOV. CODE § 552.0055. As a result, the Act expressly dictates that a request for information under the Act is not a request for discovery or an act of third-party discovery.

Further, the Western District of Texas recently reviewed a case where plaintiffs made a request under the Act after filing their complaint and the defendants challenged the request on the basis of improper discovery. *See Smith v. City of Bastrop*, 2020 WL 1867219 at *1 (W.D. Tex. 2020). The defendants specifically asked the court to use its power to control discovery in the litigation and halt the release of information pursuant to the Act. *Id.* at *2. However, the court expressly held, based on the terms of the Act and the preceding case law, that a request under the Act "**is not a discovery request**." *Id.* (emphasis added). Accordingly, any attempt to mischaracterize the use of the Act as a request for discovery is misplaced

**D.  The *Nken* Factors are Appropriate and strongly weigh in Plaintiff's Favor**

**1.  The *Nken* Factors are Appropriate in Evaluating Motions to Stay Proceedings.**

Plaintiff reiterates the standard enumerated within Plaintiff's Motion regarding a Stay of Proceedings.[19] Specifically, the four factors enumerated by *Nken v. Holder*. 556 U.S. 418, 434 (2009). The *Nken* factors are appropriate because, as the Supreme Court stated in *Nken,* an issuance of a stay is left to a court's discretion but that does not mean no legal standard governs that discretion. *See Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005)). The Supreme Court has expressly stated that the legal principles guiding a stay have "been distilled

---

[19] *See* Dkt. No. 22 at p. 3-4.

into consideration of the *Nken* four factors." *Id.* As a result, it is not an assertion for this Court to utilize the *Nken* factors; it is the standard as directed by the Supreme Court in evaluating a stay of proceedings, such as Plaintiff's Motion.

As such, courts in this Circuit have consistently applied the *Nken* factors to variety of motions to stay proceedings and they are appropriate to evaluate Plaintiff's Motion. *See Intellectual Ventures II LLC v. FedEx Corp.,* 2017 WL 6559172, at \*3 (E.D. Tex. 2017) (utilizing the *Nken* factors to evaluate a stay of proceedings pending review of a writ of mandamus); *see also Ochoa v. Collier,* 802 Fed.Appx. 101, 104 (5th Cir. 2020) (affirming a district court's use of the *Nken* factors to evaluate a motion to stay an execution); *In re Abbot,* 809 Fed.Appx. 200, 201-202 (5th Cir. 2020) (utilizing the *Nken* factors to evaluate an emergency stay motion regarding a writ of mandamus petition),

### 2. The *Nken* Factors strongly weigh in Plaintiff's favor.

First, Plaintiff has demonstrated a high likelihood of success of Plaintiff's Writ of Mandamus pursuant to the act.[20] Defendant's Response does not address any of the facts regarding the likelihood of success on the merits of Plaintiff's Motion as Defendant has no effective response to Defendant TxDPS Rangers violations of the Act. The only arguments offered are **(i)** reiterating Defendant TxDPS Rangers' Motion to Dismiss[21] and **(ii)** asserting that this Court lacks jurisdiction over the action. However, Plaintiff directs this Court to its Response[22] to Defendant TxDPS Rangers' Motion to Dismiss that demonstrates the Texas Legislature has waived sovereign immunity for Defendant TxDPS Rangers under the Act.

---

[20] *See* Dkt. No. 22. at p. 4-7.
[21] *See* Dkt. No. 20.
[22] *See* Dkt. No. 29.

Additionally, Plaintiff directs this Court to subsection D of its Response to Defendant TxDPS Rangers' Motion to Dismiss regarding the recent 5th circuit case, *Garcia v. City of McAllen, Tex.* 853 F. App'x 918 (5th Cir. 2021). Plaintiff showed that, in *Garcia*, the 5th Circuit held that a district court, such as this Court, can maintain federal-subject matter jurisdiction over a Writ of Mandamus pursuant to the Act through supplemental jurisdiction, even when all the federal law claims had been dismissed. *See Id.* at 921. Further, this aligns with the two federal district court holdings from this circuit that Defendants did not address and expressly disprove Defendants 'assertion that this Court can only issue a writ of mandamus pursuant to 28 U.S.C. § 1361. [23]

Defendants mostly rely on assertions to attack the likelihood of success. However, Defendants only cited to a single case, *Perez v. Araiza*, to state that the Act does not provide grounds for federal question jurisdiction. 2007 WL 3125287, *2 (W.D. Tex. 2007). But the holding in *Perez* was based on the court having to assume a cause of action under the Act and assume a state-based assault claim, as the *pro se* litigant had not filed any cause of action. *Id.* at *1. As a result, the court had no federal claims and could not establish supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *Id.* at *2. The 5th Circuit then affirmed the lack of supplemental jurisdiction to establish federal jurisdiction in an unpublished ruling under Local Rule 47.5 and therefore provides no precedential value. *See Perez v. Arazia,* 275 Fed.Appx. 385 at *1 (5th Cir. 2008).Defendant did not provide this context revealing that *Perez* is inapplicable to Plaintiff's Motion as Plaintiff has plead federal claims and plead supplemental jurisdiction to its state-based claims, such as the Act.

---

[23] *See* Dkt. No. 22. at p. 5 (citing *Jackson v. Texas Southern University,*, 2013 WL 593412, at *5-7 (S.D. Tex. 2013), *Nuttal v. Dallas Ind. School District,* 2021 WL 4431115, at *4 (N.D. Tex. 2021) (noting that Federal Courts could not use federal law to issue a general mandamus against Texas State Officials, but could use the Act's civil enforcement as a basis for a mandamus action if the pleadings were sufficient).

Second, Plaintiff has demonstrated a substantial threat of suffering irreparable injury absent Plaintiff's Motion. Defendants only repeat their arguments regarding mootness and characterizing the usage of the Act as a discovery request. Plaintiff directs this Court to its above responses and its arguments in Plaintiff's Motion.[24] Defendants do cite to *Innova Hosp. San Antonio, L.P. Blue Cross and Blue Shield of Georgia, Inc.* 995 F. Supp. 2d 587, 601 (N.D. Tex. 2014) to state that Plaintiff is not entitled to discovery through a Writ of Mandamus against Defendant TxDPS Rangers. However, a review of this case does not reveal anything in their respective holdings that matches either Defendants' assertions or their conclusions.

Third and Fourth, Plaintiff has shown that Plaintiff's Motion will not substantially injure Defendants and is in the public interest. Defendants combine these factors and assert, without justification, that the public interest is served through having an early conclusion. Defendants do not enumerate any substantial injury, thereby weighing in Plaintiff's favor. Additionally, Defendants ignore that a court evaluating a preliminary order must always give public interest to prevent the violation of constitutional rights.[25] Specifically, Defendants ignore the continued and increasing deaths/constitutional violations at Tarrant County Jail that may continue absent the relief sought by Plaintiff.[26]

## IV.   CONCLUSION

For all the foregoing reasons and the reasons stated in Plaintiff's Motion, Plaintiff respectfully requests that the Court stay further proceedings in this case pending resolution of the Writ of Mandamus pursuant to TEX. GOV. CODE § 552.321.

---

[24] *Id.* at p. 7-9.
[25] *Id.* at p. 9 (citing *Daves v. Dallas Cty.,* 341 F. Supp. 3d 688, 697 (N.D. Tex. 2018) (quoting *ODonnell v. Harris Cty.,* 251 F.Supp.3d 1052, 1148 (S.D. Tex. 2017)).
[26] *Id.* at p. 9.

Dated: December 16, 2021                    Respectfully submitted,

                                            */s/ Jay D. Ellwanger*
                                            Jay D. Ellwanger
                                            Texas State Bar No. 24036522
                                            jellwanger@equalrights.law
                                            David W. Henderson
                                            Texas State Bar No. 24032292
                                            dhenderson@equalrights.law
                                            **ELLWANGER LAW LLLP**
                                            400 S. Zang Blvd. Ste. 600
                                            Dallas, TX 75208
                                            Telephone: (469) 998-6775
                                            Facsimile: (469) 998-6775

                                            ***COUNSEL FOR PLAINTIFFS***


## CERTIFICATE OF SERVICE

    I hereby certify that on December 16, 2021 a true and correct copy of the foregoing document was served via electronic email to all counsel of record.


                                            */s/ Jay D. Ellwanger*
                                            Jay D. Ellwanger

**PLAINTIFF'S REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFF'S MOTION**