**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SHANELLE JENKINS, as surviving** | § | |
| **spouse, and as Representive of the Estate** | § | |
| **of Robert Geron Miller,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 4:21-cv-0910-O** |
| | § | |
| **TARRANT COUNTY SHERIFF'S** | § | |
| **OFFICE et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court are Defendant Texas Department of Public Safety's Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction (ECF No. 20), filed November 17, 2021; Plaintiff's Opposed Motion to Stay Proceedings Pending Resolution of Writ of Mandamus (ECF No. 22), filed November 23, 2021; and Defendant Tarrant County, the Tarrant County Sheriff's Office, and Sheriff Bill Waybourn's Amended Motion to Dismiss and Brief in Support (ECF No. 15), filed November 2, 2021.

Having considered the pending motions, legal briefing, pleadings, record, and applicable law, and for the reasons that follow, the Court **grants** Defendant Texas Department of Public Safety's Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction (ECF No. 20); **denies as moot** Plaintiff's Opposed Motion to Stay Proceedings Pending Resolution of Writ of Mandamus (ECF No. 22); and **grants in part** and **denies in part as moot** Defendant Tarrant County, the Tarrant County Sheriff's Office, and Sheriff Bill Waybourn's Amended Motion to Dismiss (ECF No. 15). Specifically, with respect to Plaintiff's federal law claims against Tarrant County, the Tarrant County Sheriff's Office, and Sheriff Bill Waybourn (the "Tarrant County Defendants"), the Court

1

**grants** the motion and dismisses these claims with prejudice. With respect to Plaintiff's state law claims against the Tarrant County Defendants, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c), dismisses these claims without prejudice, and **denies** the motion as **moot**.

## I.      BACKGROUND FACTS AND PROCEDURAL HISTORY

This is a civil rights case filed by Plaintiff Shanelle Jenkins as the alleged spouse and personal representative of the estate of Robert Geron Miller ("Mr. Miller"), who died while in the custody of Tarrant County, Texas ("Tarrant County") on August 1, 2019. Orig. Compl., ECF No. 1. Plaintiff filed this case on July 30, 2021, the eve of the expiration of the two-year statute of limitations. On August 13, 2021, the Court held a hearing at which the undersigned notified Plaintiff's counsel that the Original Complaint was conclusory, provided mere labels and a formulaic recitation of the elements of the various claims and, therefore, failed to raise a right to relief above the speculative level. Minute Entry, ECF No. 5. Rather than dismiss the case, however, the Court allowed Plaintiff time in which to develop the facts, amend the pleadings, and effect service. *Id.*

On October 1, 2021, prior to any amendment of the pleadings, the Tarrant County Defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On October 22, 2021, Plaintiff filed her Amended Complaint (ECF No. 14), the live pleading, thereby mooting the motion to dismiss. In the Amended Complaint, Plaintiff added the Texas Department of Public Safety, Texas Rangers Division ("TxDPS") as an additional Defendant and asserted a claim against TxDPS under the Texas Public Information Act, Tex. Gov. Code § 552.001-.376 (West 2020) (sometimes, the "Act"). Notwithstanding the Court's admonition at the August 13, 2021 hearing concerning the pleading deficiencies in the Original

Complaint, Plaintiff did not add any new substantive factual allegations in the Amended Complaint with respect to the Tarrant County Defendants.

   In her Amended Complaint, Plaintiff alleges that:

> Upon information and belief, Mr. Miller was arrested by Defendant Tarrant County Sheriff's Office for misdemeanor warrants on July 31, 2021 [sic].[1] Officers with the Defendant Tarrant County Sheriff's Office then forcibly confined Mr. Miller to a jail operated by Defendant Tarrant County Sheriff's Office and owned by Defendant Tarrant County Municipal Government.

Am. Compl. ¶ 14.

   Plaintiff alleges that the following morning, August 1, 2019, "Mr. Miller was taken to John [Peter] Smith Hospital and was pronounced dead at 5:45 a.m." *Id.* ¶ 15. Plaintiff further alleges Defendants did not inform her "that her husband died; she read about it in the newspaper days later." *Id.* ¶ 16. Plaintiff contends that "[n]o cause of death is outlined in Mr. Miller's death certificate that was given to [her] nor was she provided any explanation for her husband's sudden, and unexpected, death while in custody." *Id.* ¶ 17. According to Plaintiff, under Texas law, the Texas Commission on Jail Standards shall be notified of all deaths of inmates while in custody of a sheriff/operator within 24 hours of the death, and the Commission "shall appoint a law enforcement agency, other than the local law enforcement agency, to investigate the death." *Id.* ¶ 18.

   Plaintiff also alleges that "[u]pon information and belief, [she] was informed that Defendant TxDPS [] had been appointed to investigate Mr. Miller's death while in Defendants' custody, specifically to create an investigative report." *Id.* ¶ 19. Plaintiff contends that on August 12, 2021, through her attorneys, she submitted a written public records request to TxDPS pursuant

---

[1] The Court assumes Plaintiff intended to reference July 31, 2019, rather than July 31, 2021, as the date of Mr. Miller's arrest.

to the Texas Public Information Act to obtain its investigative report and subsequently submitted other requests. *Id.* ¶ 20. Plaintiff alleges that although TxDPS has confirmed receipt of same, it has failed to supply the requested records. *Id.* ¶¶ 21-30. Plaintiff contends TxDPS "has refused to comply with the statutory requirements" of the Texas Public Information Act and "continued to refuse to provide any documentation or records in violation" thereof. *Id.* ¶ 54. Pursuant to Section 552.321 of the Texas Public Information Act, she petitions the Court for a writ of mandamus, asking it to compel TxDPS to make the records responsive to Plaintiff's requests available for public inspection. Tex. Gov. Code § 552.321. *Id.* at page 12 (Prayer for Relief).

With respect to the Tarrant County Defendants, Plaintiff brings claims for constitutional violations pursuant to 42 U.S.C. § 1983, including for alleged "wrongful death" (*id.* ¶¶ 31-33); "excessive force" (under the Fourth and Eighth Amendments) (*id.* ¶¶ 34-36); "inadequate training" (*id.* ¶¶ 37-39); and for an "official policy or custom" (*id.* ¶¶ 40-42). Plaintiff also brings claims against the Tarrant County Defendants under Texas state law for negligent hiring, retention, and supervision (*id.* ¶¶ 43-45); and for intentional infliction of emotional distress (*id.* ¶¶ 46-48). Among other things, she seeks compensatory and punitive damages, as well as injunctive relief. *Id.* at pages 10-12 (Prayer for Relief).

On November 2, 2021, the Tarrant County Defendants filed their First Amended Motion to Dismiss and Brief in Support (ECF No. 15), in which they argue that all claims against them in the Amended Complaint must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On October 17, 2021, TxDPS filed its Motion to Dismiss (ECF No. 20), in which it contends that all claims against it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) based on its sovereign immunity from this federal court lawsuit. Finally, on November 23, 2021, Plaintiff filed a Motion to Stay Proceedings Pending Resolution of Writ of

Mandamus in which she requests the Court exercise its power to stay all proceeding until it resolves the petition for writ of mandamus and compels TxDPS to make the records responsive to Plaintiff's requests available for public inspection. The motions have been fully briefed and are ripe for disposition.

## II.    LEGAL STANDARDS

### A.    Fed. R. Civ. P. 12(b)(1)

Federal district courts are courts of limited jurisdiction; thus, unless proven otherwise, it is presumed that the case is outside the scope of a district court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A court must dismiss a complaint if it lacks subject matter jurisdiction. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). A plaintiff always has the burden to show jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). A court may dismiss a claim for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

### B.    Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule

5

8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## III.   ANALYSIS

### A.   Plaintiff's Claim Against Defendant TxDPS under the Texas Public Information Act and Associated Petition for Writ of Mandamus under the Act

Defendant TxDPS has filed a motion to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1). In support, TxDPS contends that, as an agency of the State of Texas, it "is entitled to sovereign immunity to suit in federal court, absent an unequivocally expressed waiver or abrogation thereof." TxDPS's Mot. Dismiss 1, ECF No. 20. And, TxDPS argues, the State of Texas "has not consented to suit against itself or its subdivisions in federal court, nor has Congress abrogated Texas' sovereign immunity in any way applicable to Plaintiff's claims." *Id.* at 2 (footnote omitted). TxDPS further maintains, "Plaintiff's claims against DPS are thus wholly barred, and should be dismissed pursuant to Rule 12(b)(1)." *Id.* In response, Plaintiff argues that immunity has been waived and this Court has subject matter jurisdiction over TxDPS for claims brought under the Texas Public Information Act. For the reasons that follow, the Court concludes TxDPS is entitled to sovereign immunity from this lawsuit initiated in federal court and, therefore, will grant its Rule 12(b)(1) motion to dismiss.

"The Supreme Court has held that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of other states. Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court." *Sherwinski v. Peterson*, 98 F.3d 849, 851 (5th Cir. 1996) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)); *accord Corn v. Miss. Dep't of Public Safety*, 954 F.3d 268, 274 (5th Cir. 2020); *see also Mt.*

*Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity extends to arms or agencies of the State).

Although often referred to as "Eleventh Amendment immunity," the phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden v. Maine*, 527 U.S. 706, 713 (1999). "Rather, as the Constitution's structure, its history, and the authoritative interpretations by [the Supreme] Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today as altered by the plan of the Convention or certain constitutional Amendments." *Id.*

"A state . . . may choose to waive its immunity in federal court at its pleasure." *Sossamon v. Tex.*, 563 U.S. 277, 284 (2011). Such a waiver, however, must be "'unequivocally expressed' in the text of the relevant statute." *Id.* (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)). Only by requiring this "clear declaration" by the State can the Court be "certain that the State in fact consents to suit." *Id.* (citation omitted); *see Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 75 (2000). "[A] State's consent to suit in its own courts is not a waiver of its immunity from suit in federal court." *Sossamon*, 563 U.S. at 285 (citation omitted). A State's waiver may be either express or implied. *Watson v. Tex.*, 261 F.3d 436, 441 (5th Cir. 2001). The Court, however, will find "waiver by implication from conduct only under narrow circumstances: we require that the state employ the power of the federal court in such a way that its intent to forego its acceptance of immunity be unequivocal." *Id.*

"It is well-established that DPS is an arm of the State of Texas that is entitled to Eleventh Amendment immunity." *Gonzales v. Hunt Cnty. Sheriff's Dep't*, No. 3:20-cv-3279-K, 2021 WL 2580556, at *2 (N.D. Tex. June 23, 2021) (internal quotation marks and citation omitted); *accord*

*Richards v. Cannon*, Civ. Action No. 5:14-cv-111-JRG-CMC, 2016 WL 11474080, *5 (E.D. Tex. Jan. 25, 2016) (internal quotations omitted) ("[A]n action against the Texas DPS is in effect an action against the State of Texas, and the DPS is entitled to [the] same sovereign immunity as the real party in interest, the State of Texas."); Tex. Gov't Code § 411.002 (TxDPS is an agency of the State of Texas).

Plaintiff brings a claim against TxDPS under the Texas Public Information Act and petitions for a writ of mandamus under the Act to compel production of the requested information. Section 552.321(b) of the Act requires "[a] suit filed by a requestor under this section [to] be filed in a *district court for the county* in which the main offices of the governmental body are located." Tex. Gov't Code § 552.312(b) (emphasis added).

In opposition to TxDPS's Rule 12(b)(1) motion to dismiss, Plaintiff maintains that it was the Texas Legislature's responsibility to include explicit language barring the waiver of sovereign immunity in federal courts. Absent such explicit language, Plaintiff contends, Texas intended to waive its sovereign immunity in state and federal court with respect to claims under the Texas Public Information Act. *See* Pl.'s Resp. 13-17, ECF No. 29.

Applying the above-stated standards governing waiver of sovereign immunity, *see Sossoman*, *supra*, *Kimel*, *supra*, and for the reasons that follow, the Court rejects Plaintiff's argument and concludes that Section 552.321(b) of the Act waives sovereign immunity in state court only.

A waiver of State sovereign immunity is to "be strictly construed, in terms of its scope, in favor of the sovereign," with ambiguity to be resolved in favor of enforcing sovereign immunity. *Lane v. Peña*, 518 U.S. 187, 192 (1996); *see also Kimel*, 528 U.S. at 75. The Supreme Court's reasoning in *Kimel* is instructive. In *Kimel*, the Supreme Court analyzed a statute for a waiver of

9

sovereign immunity which authorized employee suits against States "in any *Federal or State* court of competent jurisdiction." *Kimel*, 528 U.S. at 75 (emphasis in original). As part of its analysis of the statutory language, the Supreme Court compared a Utah statute previously analyzed in *Kennecott Copper*, which authorized taxpayers to pay their taxes under protest and "'thereafter bring an action in any court of competent jurisdiction for the return thereof. . . .'" *Id.* (quoting *Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573, 575 n.1 (1946)). The *Kimel* Court reasoned that "[a]lthough the statute undoubtedly provided for suit against the State of Utah in its own courts, the Court [in *Kennecott Copper*] held that the statute fell short of the required "clear declaration by a State of its consent to be sued in the *federal* courts." *Id.* (quoting *Kennecott Copper*, 327 U.S. at 579-580) (emphasis in original).

TxDPS argues in its reply brief, "[h]ere, as was the case in *Kennecott Copper*, Section 552.321(b) does not contain [or] unequivocally express an intent to waive sovereign immunity in federal court." Defs.' Reply 3, ECF No. 33. The Court agrees with this analysis and concludes that the statute falls short of a clear declaration by the State of its consent to be sued in federal court. *See Jackson v. Texas S. Univ.*, No. CIV. A. H-11-4092, 2013 WL 593412, at *6 (S.D. Tex. Feb. 14, 2013) (dismissing request for mandamus relief under the Act because pleadings were insufficient and noting that "[w]here the requestor fails to seek relief by filing a suit of writ of mandamus *in the appropriate state court*, § 552.321, the claim is improper and subject to dismissal.") (emphasis added) (citations omitted); *but cf. Contreras v. Coastal Bend College Dist.*, 2008 WL 4966909, at *5 (S.D. Tex. Nov. 19, 2008) (under a previous version of section 552.321 of the Act, denying the defendant's 12(b)(1) motion to dismiss a writ of mandamus because the Act did not confine claims to be brought in only a state "district court").

In addition, the Court concludes that Plaintiff's reliance on *Garcia v. City of McAllen, Tex.*, 853 F. App'x 918, 920 (5th Cir. 2021), is misplaced. In *Garcia*, the plaintiff sued the defendants under 42 U.S.C § 1983, the Texas Tort Claims Act, and the Texas Public Information Act in state court. *Id.* The defendants removed the case to federal district court and subsequently filed a motion for summary judgment on the plaintiff's Texas Public Information Act claim. *Id.* Notably, the defendants, following removal, did not raise sovereign immunity from liability as a defense, instead opting to defend against the merits of the claim. *See generally Hector Hugo Garcia; Hector Hugo Garcia, as next friend L. L. G., a minor; Hector Hugo Garcia, on behalf of Estate of Ashley Karime Garcia, Plaintiffs - Appellants v. City of McAllen, Texas; Michael Soto, Defendants - Appellees*, 2020 WL 7701180 (Brief of Appellants) (5th Cir.). The Fifth Circuit in *Garcia* concluded that the federal district court properly exercised its discretion when it declined the plaintiff's motion to remand and retained the case in federal court under its supplemental jurisdiction and in the interest of "judicial economy, convenience, and fairness." *Garcia*, 853 F. App'x at 921. The *Garcia* court did not address Section 552.321(b) of the Act or the issue of whether, were the suit initially filed in federal court rather than removed, sovereign immunity would deprive the federal court of jurisdiction.

Unlike the procedural posture in *Garcia*, this matter is not before the undersigned following removal to federal court. Also, in *Garcia*, unlike in this case, the defendants chose not to raise sovereign immunity as a defense but opted to defend on the merits of the claims by filing a motion for summary judgment. Based on these differences, the Court finds that *Garcia* is distinguishable.

In short, based on a plain reading of Section 552.321(b) of the Act, and mindful of the Supreme Court's requirement of a "clear declaration by a State of its consent to be sued in the *federal* courts," *Kimel*, 528 U.S. at 75 (citation omitted) (emphasis in original), the Court concludes

11

it does not have jurisdiction over TxDPS, which is entitled to sovereign immunity from this suit, and this immunity has not been waived. The Court, therefore, will grant TxDPS's Motion to Dismiss and dismiss without prejudice Plaintiff's claims for violations of the Texas Public Information Act and Plaintiff's associated petition for a writ of mandamus to compel public disclosure of the requested information under the Act.

In light of the foregoing, the Court will deny as moot Plaintiff's Opposed Motion to Stay Proceedings Pending Resolution of Writ of Mandamus (ECF No. 22).

### B.    Plaintiff's Claims Against the Tarrant County Defendants

#### 1.    Federal Law Claims under Section 1983

Plaintiff sues the Tarrant County Defendants under 42 U.S.C. § 1983 for alleged "wrongful death" (Am. Compl. ¶¶ 17-19), "excessive force" (under the Fourth and Eighth Amendments) (*id.* ¶¶ 20-22), "inadequate training" (*id.* ¶ 23-25), and for an "official policy or custom" (*id.* ¶¶ 26-28). Plaintiff also seeks declaratory and injunctive relief.

The Tarrant County Defendants move to dismiss Plaintiff's Section 1983 claims pursuant to Federal Rule of Civil Procedure 12(b)(6). They contend that "[w]hile Plaintiff alleges that her husband, Robert Miller, died in Tarrant County's custody, her complaint is totally devoid of any factual specificity. With no underlying allegations, Plaintiff simply parrots the elements of various causes of action, collectively seeking relief from the named defendants." Defs.' Mot. Dismiss 2, ECF No. 15. More specifically, the Tarrant County Defendants contend dismissal of Plaintiff's Section 1983 claims is required because (i) The Tarrant County Sheriff's Office is a non-jural entity and cannot be sued; (ii) Plaintiff's official-capacity claims against Sheriff Waybourn are duplicative; and (iii) Plaintiff fails to state a municipal liability claim under *Monell v. Department of Social Services*, 436 U.S. 658, (1978). *Id.* at 3. The Tarrant County Defendants also seek

dismissal of Plaintiff's request for injunctive, declaratory, or mandamus relief, arguing that she lacks standing to seek such relief. *Id.*

In Plaintiff's response to the motion to dismiss, she contends her current allegations are sufficient to plead a Section 1983 claims against the Tarrant County Defendants, asserts that she has not been able to compel necessary documents from TxDPS, and suggests that further discovery will allow her to plead her best case. *See generally* Pl.'s Resp., ECF No. 26. In addition, she cites to various newspaper articles concerning the death of Mr. Miller while in Tarrant County's custody. She asks the Court to look on the internet at the articles—including some which were published before she filed her Original Complaint—to determine what happened to Mr. Miller. *Id.* Although the Amended Complaint does not contain the information she cites from the newspaper articles, she maintains it is appropriate for the Court to look beyond the pleadings in ruling on the pending Rule 12(b)(6) motion to dismiss. *Id.*

The Court will address the Tarrant County Defendants' arguments supporting their motion to dismiss in turn.

a.       *Section 1983 Claims Against the Tarrant County Sheriff's Office*

The Tarrant County Defendants move to dismiss all claims against the Tarrant County Sheriff's Office because "it is not a jural entity." Defs.' Mot. Dismiss 5, ECF No. 15. In her response to the motion to dismiss, Plaintiff does not address this ground for dismissal. *See* Pl.'s Resp., ECF No. 26.

"A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence." *Halton v. Duplantis*, 3:12-cv-4274-B-BH, 2013 WL 1148758, at *4 (N.D. Tex. Mar. 20, 2013), *report and recommendation adopted*, 2013 WL 1155436 (N.D. Tex. Mar. 20, 2013), *appeal*

13

*dismissed*, 544 F. App'x 588 (5th Cir. 2013) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Thrasher v. Fort Worth Police Dep't*, No. 4:20-cv-350-SDJ-KPJ, 2021 WL 1139746, at *2-3 (E.D. Tex. Feb. 22, 2021) (recommending dismissing Plaintiff's suit because Defendant Fort Worth Police is a non-jural entity that cannot be sued), *report and recommendation adopted*, 2021 WL 1123773 (E.D. Tex. Mar. 24, 2021). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Darby*, 939 F.2d at 313. The capacity of a county or city department to be sued is determined by the state where the district court is located. *See id.*; *see also* Fed. R. Civ. P. 17(b)(3). "[T]he general rule [is] that law enforcement agencies are not separate governmental entities that can be sued." *Plemons v. Amos*, No. 2:03-cv-421-J, 2006 WL 1710415, at *7 (N.D. Tex. June 22, 2006) (collecting cases). Moreover, the plaintiff bears the burden to allege the county or city has taken "explicit steps" to grant the department with jural authority. *See Darby*, 939 F.2d at 313-14. "However, if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim." *Hutchinson v. Box*, No. 4:10-cv-240, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010) (internal quotation marks omitted), *report and recommendation adopted*, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011).

Here, Plaintiff has failed to adequately allege or demonstrate that the Tarrant County Sheriff's Office is a separate legal entity having jural authority and she has failed to respond to the Tarrant County Defendants' motion to dismiss the Sheriff's Office. Accordingly, the Court concludes that the Tarrant County Sheriff's Department is not a proper Defendant. *See, e.g.*, *Wakat*

*v. Montgomery Ctny.*, 471 F. Supp. 2d 759, 768 (S.D. Tex. 2007) ("The plaintiffs have not demonstrated that the [Sherriff's department] has been granted such authority by Montgomery County. Accordingly, the [department] is not a proper defendant."); *Johnson v. Jail*, 4:16-cv-079-A, 2016 WL 416368, at *1 (N.D. Tex. Feb. 2, 2016) (finding the Tarrant County Sheriff's Department and Tarrant County Jail were non-jural entities and thus not capable of being sued); *Wiginton v. Dallas Cnty.*, 3:06-cv-0991-B, 2006 WL 2405054, at *2 (N.D. Tex. Aug. 18, 2006) (dismissing claims against the Dallas County Sheriff's Department).

As the Tarrant County Sheriff's Office is a non-jural entity, it may not sue or be sued, and the Court, therefore, will grant the Tarrant County Defendants' motion to dismiss all claims against the Tarrant County Sheriff's Office.

### b.    *Claims Against Sheriff Waybourn in his Official Capacity*

The Tarrant County Defendants move to dismiss all claims against Sheriff Waybourn, who is being sued only in his official capacity. Defs.' Mot. Dismiss 6, ECF No. 15. They contend "Plaintiff's claims against Sheriff Waybourn are duplicative of the claims against Tarrant County and should be dismissed." *Id.* In her response to the motion to dismiss, Plaintiff does not address these grounds for dismissal. *See* Pl.'s Resp., ECF No. 26.

A Section 1983 lawsuit against a defendant in his or her official capacity is a suit against his or her employer. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Plaintiff has sued Tarrant County. Hence, her claims against Sheriff Waybourn in his official capacity are duplicative. *See, e.g.*, *Freeland v. Tarrant Cnty., Tex.*, 4:18-cv-845-A, 2019 WL 339452, at *4 (N.D. Tex. Jan. 28, 2019) (dismissing duplicative claims against Sheriff Waybourn), *aff'd*, 789 F. App'x 406 (5th Cir. 2019).

In addition, Plaintiff sues Sheriff Waybourn only because he "is and has been, at all relevant times, acting as Sheriff of Tarrant County." Am. Compl. ¶ 10, ECF No. 14. Section 1983 does not "create supervisory or respondeat superior liability." *Witherspoon v. Waybourn*, 4:20-cv-313-O, 2021 WL 1056514, at *4 (N.D. Tex. Mar. 19, 2021) (citing *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002)).[2]

Accordingly, the Court will grant the Tarrant County Defendants' motion to dismiss Plaintiff's Section 1983 claims against Sheriff Waybourn.

> c.     *Plaintiff's Section 1983 Claims Against Tarrant County*

The Tarrant County Defendants move to dismiss Plaintiff's Section 1983 claims against Tarrant County because she "fails to plead an underlying constitutional violation" and, alternatively, because "she did not plead facts to support any of *Monell's* three requisite elements (i.e., policy or custom, promulgated by a policymaker, that was the moving force behind Plaintiff's alleged constitutional deprivation)." Defs.' Mot. Dismiss 6-7, ECF No. 14. In response, Plaintiff argues her allegations are sufficient. *See generally* Pl.'s Resp., ECF No. 26.

Title 42 U.S.C. § 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a section 1983 claim, a plaintiff must allege facts that show that she has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of

---

[2] If Plaintiff intended to sue Sheriff Waybourn in his individual capacity, she failed to allege any facts to show that he was personally involved in any deprivation of Mr. Miller's rights. That is, she has not alleged any acts or omissions on Sheriff Waybourn's part that evince deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A municipality, such as Tarrant County, is subject to suit under section 1983 "only for acts directly attributable to it 'through some official action or imprimatur.'" *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) ("[T]he language of § 1983 . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."); *see also Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (same). Accordingly, to establish municipal liability under section 1983, a plaintiff must prove three elements: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle*, 613 F.3d at 541-42 (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). The first prong, an official policy or custom, can be proved in two ways. "First, a plaintiff may point to a policy statement formally announced by an official policymaker." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168 (5th Cir. 2010). For purposes of a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts from which the court can reasonably infer that the "challenged policy was promulgated or ratified by the city's policymaker." *Groden v. City of Dallas, Texas*, 826 F.3d 280, 285 (5th Cir. 2016). "[C]ourts should not grant motions to dismiss for [the] fail[ure] to plead the specific identity of the policymaker." *Id.* (citing *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014)).

Alternatively, a plaintiff can offer evidence of a "persistent widespread practice of [county] officials or employees, which, although not authorized by officially adopted and promulgated

policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Zarnow*, 614 F.3d at 169 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)); *see also id.* ("A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct."). Such "[a] pattern is tantamount to official policy." *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009).

Plaintiff sues Tarrant County for excessive force during Mr. Miller's arrest under the Fourth Amendment and for cruel and unusual punishment under the Eighth Amendment. *See* Am. Compl. ¶¶ 31-36, ECF No. 14. Plaintiff, however, fails to allege any facts about any individual who allegedly violated Mr. Miller's constitutional rights. Plaintiff merely asserts that Mr. Miller died in Tarrant County's custody and, on that basis alone, asks this Court to hold Tarrant County responsible. *See id.* ¶¶ 13-17. The Court concludes these pleadings are insufficient under *Iqbal*, 556 U.S. at 678, in which the Supreme Court held that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

Further, Plaintiff alleges Mr. Miller was a post-arrest, pretrial detainee and not a convicted prisoner. *See* Am. Compl. ¶¶ 14-17, ECF No. 14. Plaintiff, therefore, fails to state a claim under the Eighth Amendment. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *see also Garcia v. City of El Paso*, 79 F. App'x 667, 669 (5th Cir. 2003) (stating that a claim against a pretrial detainee arises under Fourteenth Amendment and not the Eighth Amendment).

Absent any underlying constitutional violation, there can be no municipal liability under *Monell*. *See Albert v. City of Petal*, 819 F. App'x 200, 203 (5th Cir. 2020) (noting that because there was no constitutional violation, there can be no *Monell* claims); *Brown v. Wilkinson Cnty. Sheriff Dep't*, 742 F. App'x 883, 884 (5th Cir. 2018) (holding that, because the plaintiff failed to

demonstrate an underlying constitutional violation, the claims against the county and the officers in their official capacities failed); *Harris v. Serpas*, 745 F.3d 767, 774 (5th Cir. 2014) (upholding the district court's dismissal of the *Monell* claims because the plaintiffs had not shown there was a constitutional violation). Because Plaintiff did not sufficiently plead any facts of an underlying constitutional violation of the Fourth, Eighth, or Fourteenth Amendments, the Court agrees with the Tarrant County Defendants that Plaintiff fails to state a plausible *Monell* claim. The Court, therefore, will grant the motion and dismiss Plaintiff's Section 1983 claims of municipal liability against Tarrant County.

In the alternative, the Court will grant the motion to dismiss because Plaintiff has failed to adequately plead *Monell's* three elements (i.e., policy or custom, promulgated by a policymaker, that was the moving force behind Plaintiff's alleged constitutional deprivation). *See Pineda*, 291 F.3d at 328; *Piotrowski*, 237 F.3d at 578. Plaintiff alleges that Mr. Miller died while in Tarrant County's custody, but she otherwise pleads no facts specific as to Tarrant County. *See* Am. Compl. ¶¶ 13-17, ECF No. 14. As the Tarrant County Defendants correctly note, "Plaintiff's conclusory allegations—devoid of specific facts—do not state a claim under *Monell*." Defs.' Mot. Dismiss 7, ECF No. 15. *See generally Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 284-85 (5th Cir. 2020) (restating that courts are not required "to accept 'generic' or 'boilerplate' pleadings" and that "*Monell* pleadings must contain sufficient factual matter"); *Spiller*, 130 F.3d at 167.

In the alternative to granting the motion to dismiss Plaintiff's Section 1983 claims of municipal liability against Tarrant County for failure to adequately allege an underlying constitutional violation, *see supra*, the Court will grant the motion for failure to adequately allege *Monell's* three elements (i.e., policy or custom, promulgated by a policymaker, that was the moving force behind Plaintiff's alleged constitutional deprivation).

19

> d.    *Plaintiff's Failure-to-Train Claim*

In addition, Tarrant County moves to dismiss Plaintiff's failure-to-train claim as insufficient to state a claim. The Court agrees.

When a plaintiff alleges failure to train, the plaintiff must show that the "city's failure to train reflects deliberate indifference to the constitutional rights of its inhabitants." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989). Here, Plaintiff fails to plead facts from which the Court may infer that the "[county's] failure to train reflects deliberate indifference to the constitutional rights of its inhabitants." *Wilson v. City of Southlake*, 4:16-cv-00057-O, 2017 WL 11489762, at *7–8 (N.D. Tex. Nov. 28, 2017) (O'Connor, J.) (quoting *Harris*, 489 U.S. at 392). In addition, Plaintiff has not pleaded facts regarding training or related training policies. Plaintiff has not pleaded any facts describing how officers were trained, how that training was inadequate, how that training led to a pattern of violations, or pleaded any allegations showing conduct rising to the level of deliberate indifference. Plaintiff points to Mr. Miller's death and sets forth the elements of a failure-to-train claim. *See* Am. Compl. ¶¶ 37-39. Such bare-bones pleadings do not satisfy the requirements of *Twombly* and *Iqbal*. Accordingly, the Court will grant the Tarrant County Defendants' motion to dismiss Plaintiff's section 1983 failure-to-train claim.

> e.    *Plaintiff's Claims for Injunctive, Declaratory, and Mandamus Relief*

The Tarrant County Defendants move to dismiss Plaintiff's request for injunctive and declaratory relief and "[m]onitoring by the Court or a federal agency." Defs.' Mot. Dismiss 9, ECF No. 15. In support, they contend that Plaintiff lacks Article III standing to obtain declaratory and injunctive relief, as she cannot establish a real and immediate likelihood of being held in Tarrant County's custody.

To establish constitutional standing, a plaintiff must satisfy three elements:

> First, the plaintiff must have suffered an "injury in fact" ... an invasion of a legally protected interest which is ... concrete and particularized ... not "conjectural" or "hypothetical".... Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)  (internal citation omitted). With respect to the third requirement, a plaintiff seeking injunctive or declaratory relief must prove not only an injury, but also a real and immediate threat of future injury in order to satisfy the "injury in fact" requirement." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-05 (1983).

Because of Mr. Miller's death, and the lack of averments that Tarrant County will confine her in the future, Plaintiff cannot establish a real and immediate likelihood of confinement at the hands of Tarrant County. Accordingly, the Court will grant the motion to dismiss Plaintiff's claims for declaratory and injunctive relief based on lack of standing.

Notably, Plaintiff exempts the Tarrant County Defendants from her claim under the Texas Public Information Act. Nevertheless, she includes them in her prayer for relief seeking mandamus. *See* Am. Compl.  ¶¶ 49-55 & Prayer ¶ D, ECF No. 14.  The Tarrant County Defendants move to dismiss, arguing that Plaintiff lacks standing to sue them for the TxDPS's alleged violations of the Act. Because only the TxDPS can redress Plaintiff's claimed injury when it is in exclusive possession of its documents, the Court concludes Plaintiff lacks standing to seek mandamus relief against the Tarrant County Defendants and will grant the motion to dismiss on this basis. *See, e.g., Seals v. McBee*, 907 F.3d 885, 890 (5th Cir. 2018) (stating party lacked standing to obtain injunctive relief by suing the wrong party).

          *f.*    *Plaintiff's Inclusion of Facts Not Alleged in Amended Complaint*

In her response brief, Plaintiff cites to several newspaper articles concerning what happened to Mr. Miller. *See* Pl.'s Resp. 1-5, ECF No. 26. Plaintiff further asks this Court to look

beyond the Amended Complaint, which does not contain any of the allegations she cites from the newspaper articles. *Id.* The Court declines Plaintiff's request to look beyond the facts alleged in her Amended Complaint.

At the motion-to-dismiss stage, the "inquiry focuses on the allegations in the pleadings." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007); *see also Sw. Bell Tel., L.P. v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint."). Factual allegations in Plaintiff's response that are not in the Amended Complaint are not before the Court. *See Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013); *Coach, Inc. v. Angela's Boutique*, H-10-1108, 2011 WL 2634776, at *2 (S.D. Tex. July 5, 2011) ("Allegations contained in a response to a motion to dismiss are not appropriately considered in a Rule 12(b)(6) motion, which evaluates the sufficiency of the complaint itself and does not consider allegations not contained in the pleadings.") (citation omitted).

g.    *Plaintiff's Request for Discovery*

In her response brief, Plaintiff alludes to requiring more discovery to plead her best case. *See* Pl.'s Resp. 10, ECF No. 26. Plaintiff's response ignores the mandate of *Iqbal*, that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" and that "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-79.

Accordingly, the Court rejects Plaintiff's suggestion that she be permitted more discovery in order to plead her best case.

### 2.      State Law Claims

In light of the Court's dismissal of Plaintiff's federal law claims against the Tarrant County Defendants, remaining are Plaintiff's claims against them under state law for negligent hiring, retention, and supervision (Am. Compl. ¶¶ 43-45), and for intentional infliction of emotional distress (*id.* ¶¶ 46-48). In the Amended Complaint, Plaintiff alleges the Court has supplemental jurisdiction over these claims. *Id.* ¶ 4.[3] For the reasons that follow, the Court declines to exercise supplemental jurisdiction over the state law claims.

A federal court that has original jurisdiction may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action" that "they form part of the same case or controversy." 28 U.S.C. § 1367(a). When a court has dismissed the federal claims that establish subject matter jurisdiction before trial, as in this case, the court may, and often should, dismiss the remaining state law claims. *Batiste v. Island Records Inc.*, 179 F.3d 217, 226-27 (5th Cir. 1999); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.") (citation omitted). "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)).

The district court may decline to retain the state law claims when they (i) raise novel or complex state law issues; (ii) substantially predominate over the federal claims; (iii) the federal claims have been dismissed; or (iv) exceptional circumstances or other compelling reasons are

---

[3] Plaintiff does not allege diversity jurisdiction under 28 U.S.C. § 1332(a). Further, Plaintiff does not provide any allegations from which the Court could conclude that diversity jurisdiction is present.

present. 28 U.S.C. § 1367(c); *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). Generally, "a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Heggemeier*, 826 F.3d at 872 (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)); *Cf. Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002) (noting that where "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court").

With respect to the statutory factors, the second and third factors weigh heavily in favor of declining to retain supplemental jurisdiction over Plaintiff's state law claims against the Tarrant County Defendants. As all federal claims have been dismissed, there are no claims of original jurisdiction remaining, and state law claims dominate.[4] The first factor also weighs in favor of declining jurisdiction. Although not novel, whether Plaintiff has viable state law claims against the Tarrant County Defendants is better decided by Texas courts. Finally, the fourth factor weighs in favor of declining to retain supplemental jurisdiction. The Court has concluded that TxDPS is entitled to sovereign immunity from this lawsuit and dismissed Plaintiff's claims against it without prejudice under Rule 12(b)(1). *See supra* Sec. III(A). Declining to retain supplemental jurisdiction will allow Plaintiff an opportunity to file a state court lawsuit seeking relief against both TxDPS and the Tarrant County Defendants in one court and prevent piecemeal litigation.

---

[4] Insofar as Plaintiff posits in the Amended Complaint that the Federal Declaratory Judgment Act provides a basis for subject matter jurisdiction, *see* Am. Compl. ¶ 3, the Court rejects this allegation as unfounded. *See In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001) ("[T]he Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, does not provide a federal court with an independent basis for exercising subject-matter jurisdiction."); *see also Dallas Cnty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 945-46 (N.D. Tex. 2014) (O'Connor, J.), *aff'd sub nom. Harris Cnty. Texas v. MERSCORP Inc.*, 791 F.3d 545 (5th Cir. 2015) ("The Declaratory Judgment Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right.") (citation omitted).

24

In addition to the statutory factors, the common-law factors of judicial economy, convenience, fairness, and comity also weigh in favor of declining the exercise of supplemental jurisdiction. *See generally Brookshire*, 554 F.3d at 601-02; *see also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (setting forth the common law factors). Judicial economy concerns include whether the district judge "had substantial familiarity with the merits of the case," and whether "further proceedings in the district court would prevent redundancy and conserve scarce judicial resources." *Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008) (quotations omitted). The convenience factor asks if remand to state court (or dismissal of state law claims) would facilitate the litigation, given the location of "the parties, witnesses, and evidence." *Enochs*, 641 F.3d at 160. "The fairness factor concerns the prejudice to the parties that would arise from dismissal." *Parsley*, 972 F.2d at 588. Comity requires that "'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'" *Enochs*, 641 F.3d at 160 (quoting *Parsley*, 972 F.2d at 588-89).

With respect to the common law factors of judicial economy, convenience, fairness, and comity, the Court concludes that the overall balance of these factors weighs heavily in favor of dismissal of the remaining state law claims. First, with regard to judicial economy, as the Court is dismissing the federal law claims at the initial stage of this litigation, few to no federal judicial resources have been devoted to the consideration of Plaintiff's state law claims. *See Enochs*, 641 F.3d at 159 (citations omitted). There would be no need for either party to duplicate any research, discovery, hearings, or other trial preparation work, because very little has been done at this early stage. *See Brookshire Bros.*, 554 F.3d at 603; *Mendoza*, 532 F.3d at 347. Further, the Court does not have "substantial familiarity" with the Texas state law claims at such an early stage of this

litigation. *See Enochs*, 641 F.3d at 159 (citations omitted). The second common law factor, convenience, is neutral. As to fairness and comity, as *Enochs* emphasizes, it is both "certainly fair" to have the remaining state law claims heard by a Texas state court, *id.* at 160, and consistent with interests of federalism. *See id.*

In sum, the balance of statutory and common law factors weighs heavily in favor of dismissing the remaining state law claims. Thus, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and instead will dismiss these claims without prejudice. Plaintiff remains free to file these claims in state court. *See* 28 U.S.C. § 1367(d) (tolling state statute of limitations for at least 30 days when court dismisses claim over which it declines to exercise supplemental jurisdiction).

## IV.   AMENDMENT OF PLEADINGS

"[I]in order to take advantage of the liberal amendment rules as outlined in the Federal Rules of Civil Procedure, the party requesting amendment, even absent a formal motion, need only 'set forth with particularity the grounds for the amendment and the relief sought.'" *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330-31 (5th Cir. 2003) (quoting *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386-87 (5th Cir. 2003)). Borrowing reasoning from the D.C. Circuit, the Fifth Circuit has observed that a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* FED. R. CIV. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)." *Id.* (citations and internal quotation marks omitted). In addition, when a proposed amendment would be futile, denial of a request to amend is permitted. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016); *see also Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so

without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.") (citation omitted).

In the conclusion of her response to the Tarrant County Defendants' motion, Plaintiff requests leave to amend. *See* Pl.'s Resp. 26, ECF No. 26. The Tarrant County Defendants reply that Plaintiff has been afforded a sufficient opportunity to properly plead her claims and that "this Court should deny [her] perfunctory, dilatory, and futile request for leave to amend." Defs.' Reply 7, ECF No. 30. For the reasons that follow, the Court concludes that allowing Plaintiff to replead her federal law claims against the Tarrant County Defendants would be futile and cause undue delay.

In the instant case, Plaintiff has already amended her complaint, filing her First Amended Complaint after the Court held a hearing on August 13, 2021, detailing for Plaintiff's counsel the numerous pleading deficiencies in the Original Complaint. *See* Minute Entry, ECF No. 5. Notably, Plaintiff's First Amended Complaint was filed not only after the hearing, but also in response to the first motion to dismiss filed by the Tarrant County Defendants, both of which alerted Plaintiff to the deficiencies in her federal law claims. *See id.; see also* Defs.' Mot. Dismiss, ECF No. 11 (rendered moot by Plaintiff's Amended Complaint). These same deficiencies are present in Plaintiff's First Amended Complaint. Under these circumstances, the undersigned is not inclined to allow further amendment. *See, e.g.*, *James Jianhua Wu v. Weizhen Tang*, No. 3:10-cv-0218-O, 2011 WL 145259, at *11 (N.D. Tex. Jan. 14, 2011) (denying plaintiffs leave to amend their securities fraud claims where the court had previously granted leave to amend and the defendants' prior motion to dismiss made plaintiffs "fully aware" of the defendants' objections to the sufficiency of their pleadings); *see also In re Capstead Mortg. Corp. Sec. Litig.*, 258 F. Supp. 2d

533, 566 (N.D. Tex. 2003) (Lindsay, J.) ("The extent of the deficiencies in the Complaint is a strong indication that amendment would be futile.").

Further, district courts generally disapprove of "routine and perfunctory" requests to amend that are thrown in as a "safety valve" in the event a court rules in favor of the defendant, "particularly where a plaintiff's claims are clearly deficient." *Knutson v. Harris*, 3:17-cv-2618-BK, 2018 WL 4281557, at *9 (N.D. Tex. Sept. 6, 2018); *see also In re Capstead Mortg. Corp. Sec. Litig.*, 258 F. Supp. 2d at 567 (stating that this "wait-and-see-what-happens" approach results in "the parties expending considerable time and effort briefing the motion to dismiss" and forces the court "to expend scarce judicial resources drafting an opinion when no effort has been made to inform the court how the deficiencies could be cured"); *see also England v. JPMorgan Chase Bank, N.A.*, 4:14-cv-183-Y, 2014 WL 12588508, at *2 (N.D. Tex. June 19, 2014) (denying plaintiff's "perfunctory" request for leave to amend that failed to identify possible amendments to his deficient claims or include a copy of a proposed amended pleading).

Additionally, Plaintiff's failure to include her proposed second amended complaint contravenes this Court's Local Civil Rules. *See* N.D. Tex. L. Civ. R. 15.1 (requiring a request for leave to amend be accompanied by a copy of the proposed amended pleading).

For these reasons, the Court concludes that Plaintiff has put forward her best case, and that allowing amendment of the federal law claims would be futile and delay unnecessarily the resolution of this action. Accordingly, the Court will deny Plaintiff's request for leave to amend.

## V.    CONCLUSION

Based on the foregoing, the Court **grants** Defendant Texas Department of Public Safety's Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction (ECF No. 20) and **dismisses** all claims against it **without prejudice**; **denies as moot** Plaintiff's Opposed Motion to Stay Proceedings

Pending Resolution of Writ of Mandamus (ECF No. 22); and **grants in part** and **denies as moot in other part** Defendant Tarrant County, the Tarrant County Sheriff's Office, and Sheriff Bill Waybourn's Amended Motion to Dismiss (ECF No. 15). Specifically, with respect to Plaintiff's federal law claims, the Court **grants** the motion (ECF No. 15) and **dismisses** these claims **with prejudice**. With respect to Plaintiff's state law claims, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c), **dismisses** these claims **without prejudice**, and **denies** the motion (ECF No. 15) as **moot**.

      **SO ORDERED** on this **11th day** of **February, 2022.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**