IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHANELLE JENKINS, § <br> as surviving spouse and § <br> Representative of the Estate of § <br> ROBERT GERON MILLER, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> TARRANT COUNTY SHERIFF'S § <br> OFFICE, et al., § <br>     Defendants. § | CIVIL ACTION NO. 4:21-CV-910-O |

**TEXAS DEPARTMENT OF PUBLIC SAFETY'S RESPONSE
TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

On May 27, 2022, Plaintiff filed a motion for relief from judgment in this matter, pursuant to Rule 60(b).[1] The motion asserts that Plaintiff has received newly discovered evidence, addressed by Rule 60(b)(2), and that judgment in this matter was procured by fraud or misconduct, an assertion addressed by Rule 60(b)(3).[2] DPS respectfully requests that Plaintiff's motion be denied.

As a threshold matter, the Court must take note that an appeal is pending in this matter.[3] "[W]hen an appeal is taken the district court is divested of jurisdiction except to take action in aid of the appeal … or to correct clerical errors under Rule 60(a)".[4] A district court does have the

---

1     Doc. 43 (correcting Doc. 41).

2     Id. at 16-17.

3     Doc. 37; Doc. 43 at 21.

4     Travelers Ins. Co. v. Liljeberg Enters., 38 F.3d 1404, 1407 n.3 (5th Cir. 1994).

power to deny a Rule 60(b) motion filed after a notice of appeal, because to do so aids the appeal.[5] A district court has no jurisdiction, however, to grant such a motion first obtaining leave of the appellate court.[6]

Plaintiff's motion should be denied with respect to Rule 60(b)(2) because it is not actually a motion to amend the judgment, but a motion to reconsider the Court's collateral order denying leave to amend and institute an entirely different lawsuit. The Court's judgment, at least with respect to DPS, concerned Plaintiff's claim against the agency itself pursuant to Texas' public information act.[7] The relief Plaintiff seeks by its present motion is to replace DPS and its corresponding cause of action entirely with new DPS employee-defendants and new corresponding claims.[8] The motion therefore does not demonstrate anything "of such a nature that … would probably change the outcome" of the Court's judgment in favor of DPS,[9] but at most demonstrates the basis for a different lawsuit.

Aside from the impropriety of seeking a wholesale amendment by way of Rule 60(b), the proposed amendment is futile on its face. Plaintiff attempts to sue two DPS employees in federal court based upon an *ultra vires* theory of failure to comply with Texas state laws.[10] Plaintiff

---

5   Id. (citing Willie v. Continental Oil Co., 746 F.2d 1041, 1046 (5th Cir. 1984) and Lairsey v. Advance Abrasives Co., 542 F.2d 928, 932 (5th Cir. 1976)).

6   Id.

7   Doc. 35 at 7-12.

8   Doc. 43-6.

9   Ferraro v. Liberty Mut. Fire Ins. Co., 796 F.3d 529, 534 (5th Cir. 2015).

10  Doc. 43-6 at 86-87.

2

presents this Court with no federal question regarding any potential DPS defendant, and this Court, even if it were inclined to permit amendment, would have no subject-matter jurisdiction over Plaintiff's claims.[11]

Plaintiff's motion with respect to Rule 60(b)(3) must fail for essentially the same reasons – the relief requested is not from judgment, but to institute an entirely new suit. Even assuming some sort of fraud or misconduct, there is no assertion or evidence that any such thing led to this Court erroneously finding that DPS is entitled to sovereign immunity, and that Texas' public information act is unenforceable in federal court.

The Texas Department of Public Safety respectfully requests that Plaintiff's motion for relief from judgment be denied.

> Respectfully submitted,
>
> **KEN PAXTON**
> Attorney General of Texas
>
> **BRENT WEBSTER**
> First Assistant Attorney General
>
> **GRANT DORFMAN**
> Deputy First Assistant Attorney General
>
> **SHAWN COWLES**
> Deputy Attorney General for Civil Litigation
>
> **SHANNA E. MOLINARE**
> Assistant Attorney General
> Chief, Law Enforcement Defense Division

---

11   See Elam v. Kan. City S. Ry. Co., 635 F.3d 796, 803 (5th Cir. 2011) (holding that federal question jurisdiction must appear on the face of a well-pleaded complaint).

/s/ *Christopher Lee Lindsey*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24065628
Christopher.Lindsey@oag.texas.gov

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 (Phone No.)
(512) 370-9314 (Fax No.)

**ATTORNEYS FOR DPS**

**CERTIFICATE OF SERVICE**

I, **CHRISTOPHER LEE LINDSEY**, Assistant Attorney General, do hereby certify that a true and correct copy of the foregoing has been served on all parties by electronic servicing on this 3rd day of June, 2022.

/s/ *Christopher Lee Lindsey*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General