IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHANELLE JENKINS, §<br>As surviving spouse and §<br>Representative of the Estate of §<br>ROBERT GERON MILLER, §<br>  §<br>  Plaintiff, §<br>  §<br>V. §<br>  §<br>TARRANT COUNTY SHERIFF'S §<br>OFFICE, et al., §<br>  §<br>  Defendants. § | NO. 4:21-CV-910-O |

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Before the Court is Plaintiff's Opposed Motion for Relief from Judgment (ECF No. 43), filed May 27, 2022. The docket reflects that this is the corrected version of a similar motion filed May 26, 2022, (ECF No. 41), although the title on the document itself does not so reflect and there is no indication of what has been corrected. The motion is accompanied by an appendix, which appears to be several pages longer than the original, but again the title on the document itself does not reflect that the appendix has been amended in any respect.[1] None of the documents filed bears the title of "brief." As described by the Local Civil Rules of the United States District Court for the Northern District of Texas, a brief is a document separate from a motion, LR 7.1 (d), although a brief may be combined with a motion or other document as long as the title reflects that such is the case. LR 5.1(c). The documents described are subject to being stricken for failure to accurately reflect the items filed.

---

[1] Items docketed as "Appendix in Support" (ECF No. 42 and 44) are not the actual appendices, but simply indices listing the items included in the appendices. The appendices were filed as part of the motions.

Having considered the motion, legal briefing, pleadings, record, and applicable law, and for the reasons that follow, the Court **denies** the Opposed Motion for Relief from Judgment.

I.    PROCEDURAL HISTORY

On August 1, 2019, Robert Geron Miller ("Mr. Miller") died while in the custody of Tarrant County. Plaintiff, Shanelle Jenkins, Mr. Miller's alleged spouse and personal representative of his estate, read about his death in the in the newspaper days later. ECF No. 1, ¶ 15. Yet she waited until July 30, 2021, the eve of the expiration of the two-year limitations period, to file her Original Complaint. On August 13, 2021, the Court held a hearing at which the undersigned notified Plaintiff's counsel that the complaint was conclusory, provided mere labels and a formulaic recitation of the elements of the various claims and, therefore, failed to raise a right to relief above a speculative level. ECF No. 5. Rather than dismiss the case, the Court gave Plaintiff time in which to develop the facts, amend her pleading, and effect service. *Id.*

On October 1, 2021, Tarrant County, Tarrant County Sheriff's Office, and Bill Waybourn, Sheriff of Tarrant County (collectively, the "Tarrant County Defendants") filed their motion to dismiss, again giving Plaintiff notice of the deficiencies of her complaint. ECF No. 11. On October 22, 2021, Plaintiff filed her Amended Complaint. ECF No. 14. Despite the Court's admonitions at the August 13 hearing, Plaintiff did not add any new substantive factual allegations to her Amended Complaint. The Tarrant County Defendants again filed a motion to dismiss. ECF No. 15. In addition, the Texas Department of Public Safety, Texas Rangers Division ("TxDPS"), which had been added as a defendant to the Amended Complaint, filed a motion to dismiss based on its sovereign immunity. ECF No. 20. Plaintiff sought to stay the proceedings. ECF No. 22.

2

By memorandum opinion and order signed February 11, 2022, the Court granted the motion of TxDPS to dismiss, granted in part and denied in part as moot the motion of the Tarrant County Defendants to dismiss, and denied as moot the motion to stay. ECF No. 35. Plaintiff has appealed. ECF No. 37.

## II.    JURISDICTION

As Defendants point out, the Court lacks jurisdiction to grant the relief Plaintiff seeks inasmuch as she is presently appealing the underlying judgment. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004)(perfected appeal divests the district court of jurisdiction to grant a 60(b) motion); *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)(same). The Court would not grant the motion in any event.

## III.    LEGAL STANDARDS

Plaintiff alleges that she is entitled to relief pursuant to Fed. R. Civ. P. 60(b)(2) and 60(b)(3). ECF No. 43 at 12–13. Because relief under Rule 60(b) comes at the expense of finality of judgments, it is considered extraordinary. *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 234 (1995); *Frew v. Young*, 992 F.3d 391, 397 n.10 (5th Cir. 2021). Its narrow purpose is to correct manifest errors; it is not a proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before judgment. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A Rule 60(b) motion is not a substitute for appeal. *Hill v. Schilling*, 593 F. App'x 330, 333 (5th Cir. 2014); *Borne v. River Parishes Hosp., L.L.C.*, 548 F. App'x 954, 957 (5th Cir. 2013); *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993).

Rule 60(b)(2) provides that relief from judgment may be granted if there is newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

3

move for a new trial under Rule 59(b). To obtain relief, the movant must prove that (1) she exercised due diligence in obtaining the evidence, and (2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment. *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200–01 (5th Cir. 1993); *Brown v. Petrolite Corp.*, 965 F.2d 38, 50 (5th Cir. 1992).

Rule 60(b)(3) provides relief based on fraud, misrepresentation, or misconduct by an opposing party. To obtain relief under that Rule, the movant must prove that (1) the adverse party engaged in fraud, misrepresentation, or misconduct, and (2) such conduct prevented the movant from fully and fairly presenting her case. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). The party asserting fraud, misrepresentation, or misconduct must prove such conduct by clear and convincing evidence. *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995); *Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992).

**IV.     ANALYSIS**

Plaintiff recites that her burden under Rule 60(b)(2) is to show that she exercised reasonable diligence (ECF No. 43 at 12), but she wholly fails to do so. Instead, she begins her discussion of due diligence in July 2021, almost two years after the death of Mr. Miller. Apparently recognizing this utter failure of proof, in her reply to the Tarrant County Defendants' response, she argues that she only had to use diligence prior to entry of the final judgment. ECF No. 48. The Court disagrees, but even if Plaintiff is right, she has not shown that had she begun her efforts to obtain the discovery in question at an earlier date she still would not have gotten the documents prior to entry of final judgment. *See Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62

4

F.3d 767, 772 (5th Cir. 1995); *Dunn v. Prince*, No. 5:07-CV-117, 2008 WL 11429945, at *1 (E.D. Tex. June 18, 2008).

The second part of Plaintiff's burden is to show that the evidence is material and controlling and would have produced a different result if presented before the entry of final judgment. In this respect, she simply lists 11 items (most of which are described as "the details of") and makes the conclusory statement that "[t]hese details and facts are material, controlling, and if Plaintiff had them to include in her Complaint there would have been no cause for dismissal." ECF No. 43 at 15–16. She wholly fails to explain how any of the items she lists would have had the slightest bearing on the Court's dismissal of her claims against TxDPS for lack of jurisdiction. ECF No. 35 at 7–12. Nor does she bother to explain the impact of these items on the dismissal of her claims against the Tarrant County Defendants. *Id.* at 12–22. The burden is not on the Court to sift through the 252-page report and determine whether Plaintiff could have made something of it. Rather, Plaintiff must show that the newly discovered evidence would have changed the outcome. *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 999–1001 (5th Cir. 2001). Here, she simply seeks leave to sue other defendants (against whom limitations has run). She does not explain how the outcome would have been different as to the defendants she chose to sue.

Plaintiff next turns to the allegation that she is entitled to relief under Rule 60(b)(3), acknowledging that she must show that the conduct complained of prevented her from fully and fairly presenting her case. ECF No. 43 at 16. She cannot meet this burden, however, because she has not shown, and could not show, that the conduct complained of prevented her from fully and fairly presenting her case. Instead, Plaintiff herself, by failing to act diligently, was unable to present a case that could withstand the motions to dismiss. Further, she has not presented clear and

convincing evidence to establish any fraud, misrepresentation, or misconduct by an opposing party. Clear and convincing evidence is that weight of proof "which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *In re Medrano*, 956 F.2d 101, 102 (5th Cir. 1992)(quoting *Cruzan by Cruzan v. Director, Missouri Dep't of Health*, 497 U.S. 261, 285 n.11 (1990)(citation omitted)). Plaintiff's supposition and speculation about production of the records are insufficient to meet the test. *Blue v. Hill*, No. 3:10-CV-2269-L, 2014 WL 2217334, at *4 (N.D. Tex. May 29, 2014).

With regard to the 60(b)(3) argument, Plaintiff alleges that "Defendants" engaged in misrepresentation. ECF No. 43 at 16–17. However, the "252 pages of responsive documents" to which she refers were those provided by TxDPS. *Id.* at 2–3. The evidence provided in support of the motion concerned only efforts to obtain the documents from the Department of Public Safety. ECF Nos. 43-2, 43-3, 43-4, 43-5. Again apparently recognizing a deficiency, Plaintiff attempts through her reply to the Tarrant County Defendants' response to add additional evidence to support her motion. ECF No. 48. As the Tarrant County Defendants note in their objection to the reply (ECF No. 50), the attempt to provide new evidence at the reply stage violates the Local Civil Rules of the Court and is inappropriate. *See Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239–40 (N.D. Tex. 1991); *Tong v. Direct Trading Corp.*, No. 4:03-CV-1234-Y, 2005 WL 8159282, at *2 (N.D. Tex. Dec. 19, 2005). Courts in the Fifth Circuit will not review arguments raised for the first time in a reply brief.[2] *RedHawk Holdings Corp. v. Schreiber Trustee*, 836 F.

---

[2] Even if the Court was inclined to consider new arguments and evidence, the supplemental evidence provided is not helpful to Plaintiff. The documents attached to the reply reflect that Plaintiff did not make a request for records from

App'x 232, 235 (5th Cir. 2020)(citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1437 (5th Cir. 1989); *Springs Indus.*, 137 F.R.D. at 239).

In sum, Plaintiff has not met her burden of establishing that she is entitled to the extraordinary relief she seeks.

## IV. CONCLUSION

Based on the foregoing, the Court **denies** Plaintiff's Opposed Motion for Relief from Judgment.

**SO ORDERED** on this 8th day of July, 2022.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

the Tarrant County Sheriff's Office until November 15, 2021, months after her complaint had been filed. ECF. No. 48-1 at App. 006. That exercise was certainly not one of due diligence. And, as the Tarrant County Defendants point out, it is indicative of Plaintiff's failure to comply with her Rule 11 duty of reasonable investigation into the facts and law prior to the filing of a document with the Court. ECF No. 46 at 8.