UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHANELLE JENKINS, as surviving spouse, and Representative of the Estate of ROBERT GERON MILLER<br><br>　　Plaintiff,<br><br>v.<br><br>TARRANT COUNTY SHERIFF'S OFFICE, BILL E. WAYBOURN *in his official capacity as Sheriff of Tarrant County, Texas*, TARRANT COUNTY, and TEXAS DEPARTMENT OF PUBLIC SAFETY, TEXAS RANGERS DIVISION<br><br>　　Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. 4:21-cv-910<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
OBJECTIONS TO PLAINTIFF'S EVIDENCE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Shanelle Jenkins ("Plaintiff"), on behalf of the estate of her deceased husband, Robert Geron Miller, files this Response to Defendants Tarrant County Sheriff's Office's, Bill E. Waybourn's, in his official capacity of Sheriff of Tarrant County, and Tarrant County's (hereinafter "Tarrant County Defendants" or "TC Defendants") Objection to Plaintiff's Newly-Filed Reply Evidence ("TC Defendants' Response") (Dkt. No. 50).

1

### I. Plaintiff's Evidence is Not New

Defendant concedes that throughout this proceeding Plaintiff has consistently accused "all Defendants in the collective" and has argued that "Defendants unlawfully failed to disclose." (Dkt. No. 46 at p. 14). However, in their Response to Plaintiff's Motion for Relief pursuant to Rule 60, Defendants repeatedly knowingly mislead this Court by stating that it is Plaintiff's fault that she did not receive the 252-page report in time because she did not request this information from any of the Tarrant County Defendants, and therefore Tarrant County is free from any blame. Indeed, Defendants state that Plaintiff's claims against the Tarrant County Defendants are "spurious, baseless and unwarranted" (Dkt. No. 46 at p. 14); and "she could have requested from the County years ago" (Dkt. No. 46 at p. 6). Defendants even went so far as to claim that "[h]ad Plaintiff sent an open records request directly to either entity [Tarrant County], <u>she could have discovered the 252 pages before a final judgment was signed.</u>" (Dkt. No. 46 at p. 9).

These statements, especially the former, were <u>direct, intentional misrepresentations to this Court</u>, given that Defendants knew that Plaintiff had in fact filed a FOIA request with Tarrant County, and Tarrant County not only refused to disclose the information to Plaintiff, but continued to refuse after being directed to disclose by the Attorney General's office. (Dkt. No. 48, at p. 2-3). Therefore, these pieces of evidence that Defendant objects to were provided to the Court to respond to Defendants' statements that were contrary to the facts of what actually occurred and in corroboration of Plaintiff's claims throughout these proceedings.

The two pieces of evidence that Plaintiff included were (1) the November 29, 2021 letter from Defendants' District Attorney, Sharen Wilson, to Attorney General Ken Paxton regarding Plaintiff's November 15, 2021 public information request on Tarrant County; (Dkt. No. 48-1) and (2) Attorney General Ken Paxton's February 16, 2022 letter to Tarrant County stating that "the

sheriff's office must release the information we have marked pursuant to section 552.022(a)(1) of the Government Code." (Dkt. No. 48-2 at p. 4).  Not only do both pieces of evidence directly relate to Defendants' statements to the contrary in their Response, but they both relate back to Plaintiff's consistent claims that all Defendants "in the collective" have engaged in wrongdoing.

      First, Defendants' reliance on the Local Rules are misplaced, as the Local Rules were amended on September 1, 2011, and then again on September 1, 2020.  These amendments removed any reference to filing new evidence in a reply brief or requiring leave to file new evidence in a reply brief. *See e.g.,* L.R. 7.1 and L.R. 56.5, neither of which make any requirement as to evidence included in a reply. Indeed, the language of LR 56.7 now states that replies and/or appendixes do not require leave of the court: "Except for motions, responses, <u>replies</u>, briefs, and appendixes required by the rules, a party may not, without the permission of the presiding judge file supplemental pleadings, briefs, authorities, or evidence." L.R. 56.7 (emphasis added).

      Furthermore, this evidence is pertinent to Defendants' claims throughout their Response and would therefore be admissible and relevant regardless of the Local Rules, so as to give each party "a full and fair opportunity to address the issue before the Court." *Lawson v. Parker Hannifin Corp.,* 2014 WL 1158880 at *6 (N.D. Tex. 2014).  When evidence is "specifically directed at and related to arguments and evidence" in a response, they are not raised for the first time in the reply and are therefore admissible. *See Lynch v. Union Pac. R.R. Co.,* 2015 WL 6807716 at *1 (N.D. Tex. 2015); *see also Banda v. Owens Corning Corp.,* 2018 WL 6726542 at *4 (N.D. Tex. 2018) (allowing new evidence in the reply, including new declarations, where they rebut allegedly "contradict" arguments raised in the response).

      Plaintiff's evidence is therefore not "new evidence" and not objectionable because it (1) corroborates her consistent claim that the Defendants "collectively" engaged in wrongdoing; (2)

directly rebuts Defendants' claims that Plaintiff did not file any records request on the Tarrant County Defendants, and if she did, they would have provided the information to her, and; (3) Defendants may not claim they have not seen this evidence before and were in any way blind-sided, as both pieces of evidence are their own correspondence of which they have direct knowledge.

### III. CONCLUSION & PRAYER

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Objections and carefully consider Plaintiff's evidence directly related to Plaintiff's claims and Defendants' defenses.

Dated: July 20, 2022

Respectfully submitted,

/s/ Jay D. Ellwanger
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
**ELLWANGER LAW LLLP**
400 S. Zang Blvd. Ste. 600
Dallas, TX 75208
Telephone: (469) 998-6775
Facsimile: (469) 998-6775

***COUNSEL FOR PLAINTIFF***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2022 a true and correct copy of the foregoing document was served via electronic email to all counsel of record.

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger
