**FILED**
**September 5, 2023**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
September 1, 2023
Lyle W. Cayce
Clerk

———————

No. 22-10244
Consolidated with
No. 22-10718
Summary Calendar

———————

Shanelle Jenkins, *as surviving spouse, and Representative of* the Estate of Robert Geron Miller,

*Plaintiff—Appellant,*

*versus*

Tarrant County Sheriff's Office; Bill E. Waybourn, *in his official capacity as Sheriff of Tarrant County, Texas*; Tarrant County; Texas Department of Public Safety, *Texas Rangers Division*,

*Defendants—Appellees.*

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-910

———————

No. 22-10244
c/w No. 22-10718

ON PETITION FOR PANEL REHEARING

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam: *

IT IS ORDERED that the petition for panel rehearing is GRANTED for the purpose of ruling on an issue overlooked in the original opinion. The original opinion is WITHDRAWN, and the following opinion is SUBSTITUTED:

Plaintiff Shanelle Jenkins's husband unexpectedly passed away while he was in the Tarrant County jail. Jenkins brought suit against the defendants—Tarrant County, the Tarrant County Sheriff's Office, Bill Waybourn in his official capacity as sheriff of Tarrant County, and the Texas Rangers Division of the Texas Department of Public Safety—on his behalf. Although her complaint admitted that she did not know the cause of, or circumstances surrounding, her husband's death, she nevertheless asserted claims under 42 U.S.C. § 1983 for "wrongful death," "excessive force," "inadequate training," and for an "official policy or custom," as well as a few state law claims.

The defendants moved to dismiss, and the district court warned Jenkins twice that her pleadings were "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940 (2009). Jenkins amended her complaint, but the changes merely added a new defendant and did nothing to remedy the problems. The defendants again moved to dismiss. Jenkins's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10244
c/w No. 22-10718

response asked for leave to amend her complaint a second time, promising that this time she would rectify the deficiency.

The district court refused to allow Jenkins to amend the complaint a second time. It dismissed Jenkins's federal claims with prejudice and, also declining to exercise supplemental jurisdiction over the remaining state law claims, dismissed the state law claims without prejudice. It later denied her Rule 60(b) motion for relief from judgment, which she brought after presenting 252 pages of public records that she claims had been improperly held from her until after the final judgment. She appeals the district court's (a) refusal to allow her to amend her complaint for a second time and (b) the denial of her Rule 60(b) motion for relief.

The district court did not abuse its discretion by denying Jenkins leave to amend her complaint. "Except as authorized by the first sentence of Fed. R. Civ. P. 15(a) for one amendment before service of a responsive pleading, a complaint may be amended only by leave of the district court, and, while such leave is to be freely given when justice so requires, the decision is left to the sound discretion of the district court and will only be reversed on appeal when that discretion has been abused." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). The district court concluded that allowing further amendment would be futile and cause undue delay, two justifications that this court has previously identified as "[p]ermissible reasons for denying a motion for leave to amend." *Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 556 (5th Cir. 2007) (citation omitted). It also gave the plaintiff ample warning and time to fill out her threadbare complaint. After Jenkins failed to resolve the problem in a timely fashion, the district court could permissibly find that allowing further amendments was unwarranted. Moreover, the district court also justifiably denied the request to amend because it did not include the

Case: 22-10244    Document: 00516881370    Page: 4    Date Filed: 09/01/2023
Case 4:21-cv-00910-O    Document 56    Filed 09/05/23    Page 4 of 4    PageID 1143

No. 22-10244
c/w No. 22-10718

proposed second amended complaint, thereby violating the district court's local rules. *See* N.D. Tex. L. Civ. R. 15.1.

Jenkin's Rule 60(b) motion fares no better. Rule 60(b)(2) requires (1) newly discovered evidence, (2) that could not have been discovered with reasonable diligence in time for a Rule 59(b) motion, (3) and that is material, controlling, or would have produced a different result. *See Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 316 (5th Cir. 2017). Jenkins fails on all three counts. The evidence she attempts to present is (a) medical records that plaintiff had unfettered access to as the plaintiff's decedent spouse, 45 C.F.R. § 164.510(b)(5), and (b) other public records available under the Texas Public Information Act. Tex. Gov't Code Ann. § 552.001 *et seq*. Given the ease of accessing this evidence, neither should count as "newly discovered." Moreover, given that Jenkins waited two years before beginning her investigation, she did not exercise due diligence. She claims that her proposed second amended complaint would have shown how the evidence is material or controlling—but this argument was apparently not made to the district court, which declined to sift through the evidence and determine for itself whether the evidence was material. Rule 60(b)(3) requires showing clear and convincing evidence of "fraud . . . misrepresentation, or misconduct" on the part of the opposing party. *Montgomery v. Hall*, 592 F.2d 278 (5th Cir. 1979). Jenkins alleges the public records agency intentionally delayed in getting her the evidence; the agency disagrees. We find no reason to conclude that the district court abused its discretion by ruling that Jenkins lacked clear and convincing evidence of misconduct.

The judgment of the district court is AFFIRMED.